WILLIAM P. SARGENT & others *vs.* DAVID E. METCALF.

A sale and delivery of goods, upon condition that until payment of the price they shall remain the property of the vendor, and shall not be sold by the purchaser without his consent, and that on the purchaser's failure to pay, or attempt to sell, the vendor may take possession of the goods and hold them absolutely as his own, passes no title until the conditions are performed, although the purchaser is known by the vendor to be a dealer in such goods, and has no use for them except for sale. And the vendor does not waive the conditions by afterwards asking for and being promised other security for the payment, which is never given; and, if guilty of no laches, may reclaim the goods from one who buys them of the purchaser in good faith and without notice of the conditions.

REPLEVIN of two chaises. Writ dated November 23d 1854. Answer, property in the defendant.

At the trial in the court of common pleas, the plaintiffs, who were carriage dealers in Boston, gave in evidence an agreement in writing, dated April 29th 1854, and signed by Francis Polleys, who was a carriage dealer in Walpole, acknowledging the delivery of the chaises by the plaintiffs to him, upon the following conditions : That he should hold them as their goods and chattels, and that the property thereof should not vest in him until he should pay them three hundred and fifty dollars therefor, two hundred dollars within two months, and the remainder in six months ; that, until such payment, he should not sell or dispose of the chaises without their consent ; that if the chaises should be attached in his possession, as his property, he should immediately give notice thereof to them ; and that upon his failure to pay at the times specified, or attempt to sell without their consent, or failure to give them notice of any attachment, they might take possession of the chaises, and hold them absolutely as their own.

It appeared in evidence that, on the day of the date of the agreement, the plaintiffs sent the chaises by railroad to the defendant at Walpole ; that about the middle of September 1854, (the plaintiffs then having an account against Polleys of $521.54, not including the chaises in question, and Polleys an account against them of $775.00, leaving a balance in the

plaintiffs' favor, if the price of the chaises were added, of $96.54,) a clerk of the plaintiffs went to Walpole, for the purpose of settling with Polleys, but did not settle with him ; that Polleys then told the clerk that he had sold the chaises to the defendant, and the clerk presumed he so informed the plaintiffs on his return to Boston ; that the clerk asked Polleys to give his note for said balance, with the defendant's indorsement, but the defendant declined so to indorse ; that the clerk said to Polleys that he should be obliged to take the chaises, and Polleys gave him a bill of sale of an unfinished buggy, and promised to finish it and send it to the plaintiffs at Boston ; but Polleys neglecting to do this, the clerk, about the middle of October 1854, went to Walpole to get the buggy, which Polleys then said he could finish in an hour or two, and would send to the plaintiffs by railroad the same day; but he never did send it. The plaintiffs offered no evidence of any knowledge by the defendant of the agreement between them and Polleys.

The defendant, who kept a livery stable in Walpole, offered to prove that, a few days after the date of the agreement, he purchased the chaises from Polleys, in good faith, for a valuable consideration, and took possession of them, and afterwards used them openly in his business, and without any knowledge of said agreement; and that Polleys was known by the plaintiffs to be a dealer in carriages, and had no use for the chaises except as articles of sale. But *Sanger,* J. refused to admit this evidence, and ruled that these facts, if all proved, would not be a defence to the action. A verdict was thereupon taken by consent for the plaintiffs, and the defendant alleged exceptions.

*E. Wilkinson & W. Colburn,* for the defendant. 1. The delivery to Polleys was sufficient to enable him to give a title to a *bona fide* purchaser for valuable consideration without notice. *Hussey* v. *Thornton,* 4 Mass. 405. *Hill* v. *Freeman,* 3 Cush. 257. *Smith* v. *Dennie,* 6 Pick. 262. *Haggerty* v. *Palmer,* 6 Johns. Ch. 437. Story on Con. § 508. 2 Kent Com. (6th ed.) 497.

2. The evidence tended to show a waiver of any condition, and should have been submitted to the jury. *Smith* v. *Dennie,* 6 Pick. 262. *Marston* v. *Baldwin,* 17 Mass. 606.

*J. J. Clarke*, for the plaintiffs.

BIGELOW, J.   The agreement under which the plaintiffs delivered the property to Polleys shows a conditional sale and delivery only.   The title was not to vest until the conditions were complied with.   Although the defendant purchased the chaises in good faith, he acquired no right thereto as against the plaintiffs.   *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 545.

The evidence in the case is insufficient to prove a waiver of the conditions of sale by the plaintiffs ; and no laches in asserting their claim is imputed to them by the defendant.

*Exceptions overruled.*