APPEAL from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, eighth district, borough of Manhattan.

J. S. & H. A. Wise, for appellants.

Booth & Deane, for respondent.

*Per Curiam.* It is clear that the defendant Cohn was a non-resident of this State when he was served with the summons. Section 1298 of the New York City Consolidation Act (L. 1882, ch. 410) requires that when the defendant or either of several defendants in a Municipal Court is not a resident of the city, the summons must be returnable in not less than two nor more than four days from its date. The summons in this case did not comply with this requirement, being returnable ten days after its date. Under such a summons the Municipal Court never acquired jurisdiction to award any judgment against the defendants. Williams v. Wheeler, 8 Abb. Pr. 116; Allison v. Snider Preserve Co., 20 Misc. Rep. 367.

The judgment appealed from must be reversed, with costs.

Present: TRUAX, P. J., SCOTT and DUGRO, JJ.

Judgment reversed, with costs.

---

WALTER M. JERMYN, Respondent, *v.* GEORGE SCHWEPPENHAUSER, Appellant.

(Supreme Court, Appellate Term, January, 1901.)

Sale — Of boilers for heating purposes upon a condition precedent of payment — Vendor when not estopped by parting with possession — Caveat emptor.

Where a manufacturer of boilers for heating purposes sells them on thirty days' time to dealers in that class of merchandise, for delivery in certain buildings, by a contract of sale executed and delivered in duplicate, and upon condition that title shall not pass until full payment of the price, and the vendees thereafter place them in the buildings as contractors without knowledge upon the part of the

Supreme Court, Appellate Term, January, 1901.   [Vol. 33.

manufacturer that they are not themselves owners of the buildings, a *mesne* purchaser of the buildings, although having no notice of the said condition of sale, cannot hold the boilers where the same have not become fixtures, as against the unpaid manufacturer and this because he has not estopped himself from reclaiming them.

The rule that where one of two innocent parties must lose, he should lose who made the injury possible, does not apply to such a state of facts.

As the manufacturer never parted with his title, the doctrine of *caveat emptor* controls.

APPEAL from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, second district, borough of The Bronx.

Gantz Neier & McKennell, for appellant.

Mayer & Gilbert, for respondent.

*Per Curiam.*   Judgment affirmed, with costs, on the opinion of the lower court.

Present:   TRUAX, P. J., SCOTT and DUGRO, JJ.

The following is the opinion of the court below:

TIERNEY, J.   The subject of this action of replevin is two vertical boilers and their appurtenances.   It has been submitted, on an agreed upon statement of facts, nothing being admitted by the pleadings but possession and detention by the defendant.

The plaintiff is the manufacturer of the chattels.   He sold them to a firm of Ellison & Co., dealers in steam boilers and steam-fitting supplies, whose store was at 2173 Seventh avenue, upon a contract of sale executed in duplicate, and one duplicate delivered to the purchaser.   The contract called for the immediate delivery of the articles at premises Nos. 237 and 239 West One Hundred and Thirty-third street, under an agreement that title should remain in the vendor until fully paid for.   The vendor was informed, at the time, that the articles would be placed in the buildings on said premises.   Ellison & Co. were not the owners of these prem-

ises, but the contractors for furnishing the steam-fitting and the necessary boilers therefor. After the delivery of the boilers, Ellison & Co., without paying the plaintiff any thing for them, sold and delivered them to the owners of the buildings, and placed them in the buildings. Subsequently the defendant purchased the buildings with the said chattels therein, and paid the purchase price for said chattels, without notice of the agreement between Ellison & Co. and the plaintiff.

The Lien Law, which has modified the severity of the old law of *caveat emptor* so as to protect the purchaser against possession, vested in his vendor on secret conditions, expressly excludes " boilers " from its provisions (L. 1897, ch. 418, § 115), so that the determination of this case must rest upon general rules.

Counsel have submitted this case upon the assumption that these chattels never became part of the realty, and there is nothing in the agreed statement of facts upon which the court might find that they were ever affixed to the freehold and became a part of the buildings.

As between Ellison & Co. and the plaintiff, title to these chattels never passed, and their sale to a third party was a conversion. Ellison & Co. could give no better title than they had, unless the defendant is protected against the plaintiff's claim by an estoppel. This estoppel is claimed to arise from the fact that the plaintiff delivered the goods to a firm that he knew to be engaged in dealing in this class of merchandise. From this knowledge it is claimed the inference arises that he knew they were to be sold by the vendees, and with this understanding his placing his goods at their disposal was an authority to the vendors to make a valid sale, or, at least, that it would be a fraud on the purchasing public to furnish the vendees with the opportunity to make such a contemplated sale if its validity were afterwards to be questioned. It appears, however, that, though sold to a firm in this line of business, the boilers were not sent to replenish its general stock of merchandise at its regular store, but were delivered at specific buildings in course of erection, with the understanding that they were to be placed therein.

If the plaintiff had knowledge that these were the buildings of a third party, and that Ellison & Co. had obtained the boilers to furnish them to the owner, he would be estopped from questioning the validity of a *bona fide* sale, after furnishing the boilers for

that very purpose. It is agreed, however, that he had no notice as to the relations of Ellison & Co. to the buildings. The question narrows itself, therefore, to this: Must the plaintiff be held to have necessarily assumed, from the fact that his vendees was engaged in the business of dealing in boilers, that these boilers were purchased by them to supply to others, and not for their own use?

There are no facts supplied as to the apparent circumstances of Ellison & Co. to raise any inference as to the improbability of supposing them to be the principals interested in these buildings, or that they had some use for the boilers in the thirty days before payment became due, other than a sale to another. The terms of sale are consistent only with the continued possession by the vendees. It is provided that, upon default in payment, the vendor may enter any place where the articles may be found and remove the same without hindrance, a license that the vendees could give only as to premises of their own or under their control. It is further provided that all sums that may be paid on account of the purchase price shall be deemed compensation for the use of the articles while in the possession of the vendees, contemplating a continued possession rather than a sale.

I do not feel justified in finding, from these circumstances, and without any direct evidence of such an understanding, that the boilers were sold and delivered to Ellison & Co. upon any understanding by the plaintiff that they were obtained only for a sale over by them.

The defendant urges further that both parties are the victims of wrongdoing of Ellison & Co., and that, as between them, the loss should fall on the one by whose act the injury was permitted. I do not think that any such principle is applicable to the situation of these parties. The plaintiff is asserting his legal title to these articles, of which he has never been divested. So long as the Legislature sees fit to allow possession of " boilers " to be parted with on conditions as to title which are valid, without being made matter of record, the plaintiff had the right to make such a sale, and must be upheld in his legal rights, even at the expense of the victims of the opportunity for dishonesty so furnished. If the original owner of these articles had lost them by a larceny, no succession of purchases by innocent parties without notice could deprive him of his right of retaking them. This defendant, as the

recipient of a conversion, is in no better position. It is true that the defendant's predecessors in title had nothing to put them on their guard against supposing that their contractor was furnishing his own articles, and custom does not suggest making such an inquiry. But their want of no ordinary precaution does not relieve them from the misfortune that may happen to any innocent purchaser, of having dealt with one who had no title, and they must bear the consequences of the rule *caveat emptor*.

The chattels have been taken from the defendant by a marshal under a writ of replevin obtained by the plaintiff. No evidence has been furnished of any damages by reason of detention by the defendant.

Judgment must be rendered, accordingly, in favor of the plaintiff, awarding to him possession of the chattels described in the complaint, with the costs of this action.

Judgment for plaintiff, with costs.