ISAAC ALBERT, Appellant, v. THE R. LEWIS STEINER MFG.
Co. and THE HAMILTON BANK, Respondents.

(Supreme Court, Appellate Term, January, 1904.)

Conditional sale — Retention by the vendor of the jus disponendi —
How lost by delivery — Waiver of prepayment in cash — Intent.

Where a vendor who has sold personal property, on a condition
precedent that he shall retain title to it until payment of the
purchase price in cash, delivers it to the vendee for consumption,
or for sale, or in a manner inconsistent with the continued owner-
ship of the vendor, he is estopped from subsequently claiming
title to the property as against *bona fide* purchasers of it from
the vendee.

Where the property is delivered to the vendee by the vendor
without requiring payment in cash the presumption is that the
latter intended to waive that condition and one who shows him-
self to be a *bona fide* purchaser of the property obtains a title to
it free from any claim or lien of the vendor.

The questions, whether he intended to waive his rights to re-
tain title to the goods until payment and to be then paid in cash,
held to be questions of fact.

APPEAL by the plaintiff from a judgment rendered in favor
of the defendant, the Hamilton Bank, in the Municipal
Court of the city of New York, thirteenth district, borough
of Manhattan.

Rosenbluth & Silverman, for appellant.

Parker & Aaron, for respondent Hamilton Bank.

FREEDMAN, P. J.   This action was brought to recover the
value of a quantity of gas fixtures and arises out of the fol-
lowing facts which are undisputed.

The plaintiff furnished to the Steiner Manufacturing
Company the gas fixtures in question.   On the written order
under which they were furnished  was the address of the
Steiner Company and also the address of the premises in
which they were to be installed, namely the building of the

Hamilton Bank. The plaintiff knew that the Steiner Company was in the business of supplying gas fixtures to buildings, and knew that the second address on the written order which he received was the building to which the Steiner Company was to supply, the gas fixtures. The plaintiff at about the time in question had other dealings of a similar character with the Steiner Company and knew that the latter purchased goods from the plaintiff for the purpose of selling the same and in supplying them to buildings. The plaintiff, through his bookkeeper, Morris Wolfman, on several occasions applied to the Steiner Company for payment but was informed by it that it had not yet received payment therefor from the Hamilton Bank and thereupon waited until the Steiner Company might receive its pay from the bank. It appears by stipulation that the bank purchased the goods from the Steiner Company without notice of any claim of the plaintiff, and in good faith paid the Steiner Company for the goods before it had any such notice. Judgment was rendered in favor of the Hamilton Bank. The plaintiff appeals therefrom. The Steiner Manufacturing Company was not served and did not appear.

The plaintiff claims a lien upon the goods in question by reason of his contract with the Steiner Company. This contract is an order given by said company to the plaintiff, signed by it, and directing that the gas fixtures should be delivered to the building occupied by the Hamilton Bank. This order also contained these words:

" Please furnish and deliver to the building at the above location and attach to the proper outlets, the proper articles specified in the following schedule at the below mentioned prices, terms strictly cash upon fulfillment of this order. Title to be in vendor until fully paid for in cash."

This contract was executed in duplicate and a copy given to the vendee. The goods were, however, delivered to the Steiner Company who immediately delivered them to the bank building.

This action was brought to foreclose a lien, and is based upon the provisions of article 4, sections 137 and 139, of the Municipal Court Act (Laws of 1902, chap. 580).

# 524        ALBERT v. STEINER MFG. CO.

I am of the opinion that from the conceded facts in this case the plaintiff cannot recover and that the judgment of the trial court should be affirmed, as before stated.

The plaintiff knew that the Steiner Company was in the business of supplying gas fixtures to buildings. He knew that purchases of gas fixtures, when made by said company, were for the purpose of being resold, and he knew that the fixtures in question were to be sold by the Steiner Company to the Hamilton Bank. It has frequently been held that while the sale and delivery of personal property can be made upon condition that title to the property is to remain in the vendor until the purchase price is paid, and yet where the property is sold or delivered to the buyer for consumption or sale or to be dealt with in a manner inconsistent with the continued ownership of the seller, in a manner which would necessarily destroy his right of property, the rule does not apply, and the vendor is estopped from setting up title in himself as against the creditors of the vendee. Frank v. Batten, 49 Hun, 92. The plaintiff's position comes well within this line of decisions and it may well be said that he is estopped herein from now claiming a lien upon, or any title to, the goods in question.

Another reason for supporting the judgment may also be given. The order was completely filled in this case when the plaintiff delivered the goods to the Steiner Manufacturing Company. When goods are sold to be paid for in cash, if delivery be made without the requiring of the payment, the presumption is raised that the condition is waived and a complete title vests in a *bona fide* purchaser. Comer v. Cunningham, 77 N. Y. 391. This condition in the case at bar was clearly waived by the plaintiff. It is undisputed that although the plaintiff knew that the goods sold the Steiner Manufacturing Company were for the purpose of being put into the building of the Hamilton Bank, and were so used, and that the bank had not paid the Steiner Company at several times when he had demanded payment of it, yet he gave the bank no notice of his claim of title, but waited until after the bank had paid the Steiner Company, and then brought this action. From these facts and circumstances

it was a question whether or not plaintiff did not intend to waive his right to retain ownership of their goods as well as of payment of cash on delivery, and the question of intent was one of fact which the court below decided in favor of the defendant.

GILDERSLEEVE and GREENBAUM, JJ., concur.

Judgment affirmed, with costs.