## FLYNN v. BADGER.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. APPEAL AND ERROR ☞930(1)—PRESUMPTIONS—DIRECTED VERDICT.

On appeal from a directed verdict for the plaintiff, it is the right of the defendant to have his testimony accepted as correctly stating the facts, and to have such proper inferences drawn from the testimony as may be most favorable to himself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755, 3756, 3758; Dec. Dig. ☞930(1).]

2. SALES ☞474(2)—CONDITIONAL SALES—VALIDITY—LIENS OF SUBSEQUENT MORTGAGEES.

Personal Property Law (Consol Laws, c. 41) § 62, making invalid as against subsequent mortgagees any conditions and reservations in a conditional sale contract which is accompanied by the delivery of the thing sold, unless recorded, applies only when the thing sold is delivered to the purchaser.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. ☞474(2).]

3. SALES ☞156—"DELIVERY."

"Delivery" of a thing sold is the transfer of the possession from one person to another.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 367–371; Dec. Dig. ☞156.

For other definitions, see Words and Phrases, First and Second Series, Delivery.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. SALES ☞477(7)—CONDITIONAL SALES—VALIDITY—SUBSEQUENT MORTGAGE—
EVIDENCE—ADMISSIBILITY.

Where an owner of a farm purchased cattle and permitted them to be put upon the farm, which was occupied by a third person, he should have been permitted to show, in an action by a subsequent chattel mortgagee of the occupant, the relation between himself and the occupant, on the issue whether there was delivery of the cattle to the mortgagor, or whether he held them as agent of the owner of the farm, in the absence of which delivery Personal Property Law, § 62, making such conditional sales, where not recorded, void as against subsequent mortgagees, would not apply.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1417; Dec. Dig. ☞ 477(7).]

5. SALES ☞477(7)—SALES ON CONDITION—DELIVERY—EVIDENCE—SUFFI-
CIENCY.

Evidence *held* insufficient to warrant the court in saying as matter of law that there was delivery of goods under conditional sale to the purchaser, so as to invoke as against the seller Personal Property Law, § 62, making such sales void as against subsequent mortagees, if accompanied by delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1417; Dec. Dig. ☞ 477(7).]

Howard, J., dissenting.

Appeal from Franklin County Court.

Action by James E. Flynn against Fred R. Badger. From a judgment for plaintiff, and an order denying motion to set aside verdict and for new trial. Defendant appeals. Reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Kellas, Genaway & Kellas, of Malone (John P. Kellas, of Malone, of counsel), for appellant.

George J. Moore, of Malone, for respondent.

COCHRANE, J. This is an action in replevin to recover three heifers. The plaintiff claims title through a chattel mortgage executed to him by Francis Kinville November 18, 1913. The defendant claims that he, and not Kinville, was the owner of said heifers at the time of the execution of the chattel mortgage by the latter.

[1] This being a directed verdict, it is the right of the defendant on this appeal to have his testimony accepted as correctly stating the facts, and to have such proper inferences drawn from the testimony as may be most favorable to himself. Defendant was the owner of a farm and of eight cattle thereon. Kinville resided on said farm, and defendant resided about eight miles therefrom. The defendant was not permitted to show the arrangement under which Kinville lived on the farm, nor what other property he (the defendant) had thereon. The heifers originally belonged to one Fee, with whom Kinville had some talk about purchasing them. Kinville apparently did not have the money to pay for them, and Fee was unwilling to let him have them on credit. Together they went to the defendant, and what then occurred is told by the latter as follows:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

"I met Fee and Kinville on the street, and they wanted me to buy these cattle, and I told them I did not want them; I had enough. This man Kinville called me one side and hung on for me to buy the cattle, * * * and at last I told him I would buy the cattle and put them down on the farm with the rest of the cattle I had. Then we went into the bank and signed the note. * * * I told him, if he wanted those cattle at cost, if he paid the note, they were his, and, if not, they were mine."

Kinville and the defendant executed their note to the order of Fee for $116, the purchase price of the heifers, and the defendant told Fee to let Kinville have them. They were taken to the farm of defendant and put with his other cattle. It does not appear that Kinville had any cattle on the farm, or what, if any, personal property he had thereon at that time.

The learned county judge directed a verdict against the defendant, apparently for the reason that the foregoing arrangement, as testified to by the defendant, constituted a conditional sale between him and Kinville, which was void as to the subsequent chattel mortgage of the plaintiff, because not filed as required by section 62 of the Personal Property Law, as follows:

"Except as otherwise provided in this article, all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by delivery of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency, shall be void as against subsequent purchasers, pledgees or mortgagees, in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale containing such conditions and reservations, or a true copy thereof, be filed as directed in this article, and unless the other provisions of the lien law applicable to such contracts are duly complied with."

[2-5] The statute only applies to conditional sales "accompanied by delivery of the thing contracted to be sold," and in directing a verdict against the defendant the learned county judge necessarily held as a matter of law that the heifers had been delivered to Kinville. In Bouvier's Law Dictionary, Rawle's Third Revision, volume 1, page 829, delivery is defined as being "the transfer of the possession of a thing from one person to another." The determination of this question involved an investigation of the relationship existing between Kinville and the defendant as to the farm of the latter, on which the former was living, and the property on said farm. Not until these facts were developed could it be properly determined who was in possession of the heifers in question, or whether delivery of them had been made to Kinville. The record does not disclose whether Kinville was a tenant of the defendant on the farm, or a servant or agent thereon. The defendant endeavored to establish this relationship, but was not permitted to do so. The real question is: Who had dominion or control of the property? If it was subject to the will and orders of the defendant, and Kinville had no authority or power in respect thereto, except to execute the wishes and purposes of the defendant as his superior, then the defendant was in possession.

The plaintiff proved that the milk, which was concededly produced by the defendant's cattle on this farm, was delivered at a creamery,.

and checks therefor were received by Kinville, payable to his order; that some of those checks were used to pay in whole or in part the note given by Kinville and the defendant to Fee in payment of the heifers. The defendant was not permitted to show, although he endeavored to do so, what the facts were in respect to these checks, nor that, although they were made payable to the order of Kinville, they really represented money belonging to the defendant. It can no more be said as a matter of law from this record that the three heifers in question had been delivered to Kinville, and were in his possession, than the same thing can be said of the other eight cattle which were on the farm and confessedly belonged to the defendant. We think the learned county judge should have permitted the defendant to show what the facts were in reference to the occupancy of his farm by Kinville, and the arrangement under which he was living and working there and selling the products of the farm and of the defendant's cattle, as bearing on the question as to whether or not the heifers were in the possession of Kinville, or had been delivered to him, within the meaning of the statute.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, KELLOGG, P. J., in result, except HOWARD, J., who dissents.