RUSS SODA FOUNTAIN COMPANY, Plaintiff, *v.* MAX DESIND and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, January 11, 1934.

*Shirley Kahn,* for the plaintiff.

*Koppelman & Schlesinger* [*Harris Koppelman* of counsel], for the defendants.

WHALEN, J.  Plaintiff is a foreign corporation authorized to do business in the State of New York, and under date of July 22, 1932, plaintiff and defendant Desind entered into a written agreement in the form of a conditional sales contract for the sale of an appliance known as a carbonator.  This was not approved at the main office until July 26, 1932.

The name of the purchaser is given as Max Desind, residing at 1821 Mohegan avenue, Bronx county, N. Y.  The following clause appears in the contract: " Chattels to be kept and/or installed at 647 Broadway, (Sam Cohen, New York City, Manhattan, New York)."  The carbonator was installed at the place of business of Sam Cohen, a luncheonette at 647 Broadway, on July 23, 1932.  Desind paid thirty dollars, and there is a balance of seventy-five dollars due and unpaid by Desind.  The plaintiff now sues Cohen and Desind to foreclose this lien under the conditional sales contract.  Desind was not served, and the action is being defended by Cohen.

Cohen testified without contradiction that he had a written agreement with Desind, a contractor, to do certain work at the luncheonette, for which he agreed to pay him $900.  This written contract was dated July 1, 1932.  He has paid Desind all except fifty dollars, that he withheld because of certain work that was not completed.  Cohen also testified without contradiction that he knew nothing about the contract between this plaintiff and Desind, and never heard anything about the plaintiff or its claim until six months after the carbonator was installed.  The conditional sales contract was not filed in New York county, but it was filed on July 30, 1932, in the office of the register of Bronx county.

At the trial the defendant claimed that the complaint should be dismissed because it did not appear that a copy of the conditional sales contract was filed in New York county, in which the chattel

was located. The rights of the parties herein are fixed by the provisions of section 65 of the Personal Property Law, and not by section 67. Section 67, which requires that the conditional sale contract be filed in the county in which the fixture is located, applies only to purchasers or owners of the realty in which the fixtures are installed. Under this section, a mortgagee of real property is held to be a purchaser. Under section 65 of the Personal Property Law, a conditional sales contract covering a chattel is required only to be filed in the county of the residence of the purchaser. I have read all the cases cited by the defendant on this point and they all cover instances of owners or purchasers of real estate. In this case Cohen was not the owner or purchaser or mortgagee of the realty.

Section 65 of the Personal Property Law reads as follows: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided. This section shall not apply to conditional sales of goods for resale."

I find that Cohen is a *bona fide* purchaser for value, and that he purchased the chattels before the conditional sale contract was filed in Bronx county, and that he did not have any actual notice of the plaintiff's interest in the carbonator until long after his purchase. He is, therefore, protected in this case, if this section applies. However, I do not think the section applies at all, because it seems to me that the last sentence of the section, namely, " This section shall not apply to conditional sales of goods for resale," precludes the plaintiff from retaining any lien whatever after the delivery of the chattel to Cohen. It is evident that Desind was a contractor, and the plaintiff knew that Desind was purchasing the carbonator for the purpose of reselling it to Cohen. It was, therefore, a conditional sale of goods for resale. Prior to the statute it was held that a contract of sale of personal property under which possession was delivered to the buyer, but the seller retained title until the payment of the full purchase price, was void as to *bona fide* purchasers for value from the buyer. (*Albert* v. *Steiner Mfg. Co.*, 42 Misc. 522; *Frank* v. *Batten*, 49 Hun, 91; *Ludden* v. *Hazen*, 31 Barb. 650; *Flynn* v. *Badger*, 173 App. Div. 71.)

There is another reason why plaintiff cannot enforce a lien in this case. It has been held that no lien attaches until delivery of the chattel to the purchaser, and it appears that this carbonator was never delivered into the possession of the purchaser Desind, but was delivered directly to Cohen and installed in Cohen's place of

business by plaintiff's employees. In two recent cases in the Court of Appeals (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24, and *Baker* v. *Hull*, 250 id. 484), while the facts are not identical, the underlying principles are such as to preclude any recovery by the plaintiff in this case. Under such circumstances no lien exists unless actual notice is brought home to the third party. For the foregoing reasons the defendant Cohen is entitled to a judgment dismissing the complaint on the merits.