Bergan, J.
Defendant is a wholesale distributor and dealer of phonographic equipment of a type that is usually placed in restaurants, hotels and grills. In the trade the actual placing of equipment upon various ‘ ‘ locations ’ ’ on lease or percentage arrangement is done by an “ operator ”.
*417 On October 14, 1946, defendant sold a‘phonograph to James Shearer on a contract of conditional sale. This was part of an order for several items of similar equipment. The contract was filed promptly in the proper public office. There is no dispute about the fact that Shearer was an “ operator ” who placed equipment on “ location But Shearer also claimed to be a retail dealer who sold equipment. On February 3, 1947, Shearer sold the phonograph to Harvey Wood, also under a conditional sales contract. This contract was assigned by Shearer, as conditional seller, to the plaintiff bank.
Shearer defaulted on his contract with defendant. Defendant by replevin repossessed the phonograph from Wood. Plaintiff demanded possession which was refused. Wood became a bankrupt, owing plaintiff a balance of $1,455 on the contract of conditional sale. .Plaintiff by this action sued defendant for conversion and after a trial by jury has had a judgment for $500 damages from which defendant appeals.
The case is governed by article 4 of the Personal Property Law, which is derived from the Uniform Conditional Sales Act. Since the draftsmen of this act used terms of precise and differentiated meaning, the expression “ seller ” as used in this discussion will refer to the conditional vendor; the term “ buyer ” will refer to the conditional vendee, and the term “ purchaser ” will refer to one who buys from the conditional vendee, following the terms employed in the act.
Section 69 is of controlling importance in the controversy. It was amended in material respects in 1941 (L. 1941, ch. 851). It now provides that where the seller “ expressly or impliedly ” consents that the buyer may resell, the reservation of title in the seller is “ void ” against purchasers “ under a resale ” from the buyer for value in the ordinary course of business. As to such purchasers the “ buyer ” is deemed the “ owner ” whether the contract is filed or not.
Section 64 states the general policy of the State in respect of conditional sales contracts and it is a substantial enactment of what was the common-law view on the subject. It provides generally that the reservation of property by the seller on conditional sale is valid “ as to all persons ”. This omnibus provision of validity has exception only where the statute says an exception shall arise.
The general policy of exception is found in section 65, which governs filing. Contracts are invalid as to purchasers or creditors unless they are filed. But as enacted in New York, this section, providing for invalidity as to creditors and pur *418 chasers unless filed is made expressly inapplicable to conditional sales of goods for resale. (See § 65, last sentence.)
In this respect the section differs from the uniform statutory scheme. An attempt to amend this to make it conform to the uniform act failed in 1941 (1942 Report of N. Y. Law Revision Commission, p. 9).
Since the contract here was filed, this provision of invalidity has no application, but by its own language it would have no application in any event if consent of the conditional seller to resale was found. That it may also operate to defeat a creditor of a buyer for resale on an unfiled contract is not here for decision.
Before the amendment of 1941, section 69 provided that where the seller expressly or impliedly consented to resale, the reservation of title would nevertheless be valid whether filed or not, except that it was void as to purchasers in good faith for value without actual knowledge of the condition. (L. 1922, ch. 642.) When enacted in 1922, this also was a substantial departure from the corresponding provision of the Uniform Conditional Sales Act (§ 9).
The amendment of 1941, which forms the present text of section 69, was proposed by the Law Revision Commission because of this deviation in the New York statute from the uniform act in respect of conditional sales of goods for resale, and the suggestion was that the language of the uniform statute on this subject be enacted as preferable.
The Law Revision Commission itself, however, made a new suggestion as to language differing from the uniform act, by adding, after the word “ purchasers ” the words “ under a resale ”. This the Law Revision Commission believed would clarify an intent to exclude pledgees or mortgagees, although the Commissioners on Uniform State Laws felt the words of the context, “ purchasers * * * for value in the ordinary course of business ”, made it clear enough that mortgagees and pledgees were excluded. (Act, Recommendation and Study relating to Conditional Sales of Goods for Resale, 1941 Report of N. Y. Law Revision Commission, pp. 237-275; Uniform Conditional Sales Act, note to § 9, 2 Uniform Laws, Annotated, 15,16). This view was held, notwithstanding the general definition of “ purchaser ” as including “ mortgagee ” and “ pledgee ”. (§ 61.)
If all this is so, plaintiff’s rights are enforcible only by a resort to section 69, i.e., by treating the plaintiff as a “ purchaser ” of goods sold conditionally for resale. There seems *419 no other statutory ground upon which defendant’s reservation may be defeated or removed from the blanket of validity as to all persons afforded by section 64. The status of creditor or lienor does not help the bank. The rights of a “ purchaser ”, therefore, require examination.
How to protect a purchaser from a conditional buyer who is in turn openly in business as a dealer in the goods, and at the same time to protect the rights of the original conditional seller has always been a problem with some inherent difficulties of its own. It would be almost as harsh a rule to. bind a purchaser from a dealer in the ordinary course of business by the constructive notice of filing in a public office, as it would to bind him without any notice. Traders who customarily look in recording offices for their own protection are on a somewhat different footing than the usual purchaser of goods in the ordinary course of business.
The fact that it is as obvious to the conditional seller that a dealer to whom he sells goods on reservation of title wants them for resale, as it is to the purchaser from the dealer that he has them for that purpose has resulted, without any statutory help, in the judicial application from time to time of the doctrine of estoppel against the conditional seller and in favor of the ultimate purchaser (Spooner v. Cummings, 151 Mass. 313; Albert v. Steiner Mfg. Co., 42 Misc. 522), and sometimes in favor of creditors of the buyer (Ludden v. Hazen, 31 Barb. 650; Frank v. Batten, 49 Hun 91, 96).
A good discussion of the circumstances under which an estoppel would operate in the case of conditional sales to a dealer is in the opinion of the Supreme Court of Appeals of Virginia in Boice v. Finance and Guaranty Corp. (127 Va. 563), but the rule has its limitations where the seller would not expect the goods to become part of the buyer’s general stock, as noted by the same court in Rudolph v. Farmers' Supply Co. (131 Va. 305). The reservation of title as against a buyer doing-business in the goods has sometimes fallen within the condemnation of public policy and has been held void for that reason. (Matter of Gilligan, 152 F. 605; see, also, 55 C. J., Sales, § 1201.)
Still there are cases where the reservation of title in the seller has been ruggedly upheld against the rights of innocent purchasers buying in the ordinary course of business from a conditional buyer acting as a dealer. The fact that such purchasers would naturally assume that a dealer openly in business was free to sell seems not to be regarded as important as the *420 preservation in all events of the reserved title with some considerable emphasis upon sequence and priority.
The Supreme Judicial Court of Massachusetts held in Sargent v. Metcalf (71 Mass. 306) that a trader in carriages delivering two chaises to another dealer on conditional contract of sale reserved a title good enough to defeat the title of a purchaser in good faith from the conditional buyer. The Court of Appeals of Maryland reached a similar conclusion in the case of a conditional sale of a motor truck to a dealer in Finance and Guaranty Co. v. Defiance Motor Truck Co. (145 Md. 94). The fact the conditional buyer was a dealer in musical instruments was regarded in Massachusetts as insufficient proof of any authority, even implied, to resell a musical instrument (Oliver Ditson Co. v. Bates, 181 Mass. 455).
In New York a purchaser of oxen in good faith from a conditional buyer was afforded no protection by the decision in Ballard v. Burgett (40 N. Y. 314 [1869]). This case was often regarded as a leading authority in New York. It disavows a view of the law accepted by the court two years earlier in Wait v. Green (36 N. Y. 556 [1867]) in which a purchaser from a conditional buyer of a horse who acted in good faith and for value was held to have a title superior to the conditional seller.
The narrow doctrine of the Ballard case (supra) rather than the view in the Wait case (supra) giving more liberal protection to the purchaser in good faith was the one that was rather consistently followed in New York. (Austin v. Dye, 46 N. Y. 500; Comer v. Cunningham, 77 N. Y. 391; Jermyn v. Schweppenhauser, 33 Misc. 603.)
The intimations of Rapadlo, J., in 1875 (Cole v. Mann, 62 N. Y. 1, 4) that circumstances might arise under which protection would be afforded a purchaser in good faith from a dealer who in turn was a conditional buyer was against this current. But in that case, where the conditional buyer was a dealer in pianos, no protection was afforded a sheriff who seized a piano under execution against the buyer at the instance of a creditor. (Cf. Fitzgerald v. Fuller, 19 Hun 180.) The general trend in the United States has more recently been in the direction of protecting such a purchaser (55 C. J., Sales, § 1235), and the trend has been given articulation by the spreading enactment of the Uniform Conditional Sales Act into State laws.
With the amendment to section 69 in 1941, the rule in New York was brought into close conformity with the uniform act in respect of conditional sales of goods for resale. The questions of fact that are triable under the statute now are: (1) whether *421 the seller consents that the buyer may resell them, the consent being either express or implied; and (2) whether the resale is for value in the ordinary course of business. Knowledge by the purchaser of the reservation in the contract and the good faith of the purchaser alike are immaterial. The tests of the statute become the sole guides.
There is proof here that the conditional buyer was openly in the business of selling equipment as well as being an “ operator ” leasing or placing it on locations; that he had a showroom in his house; that he told the defendant’s officer that he wanted the goods for resale and this was without objection; that inquiries from the manufacturer to the defendant about territorial infringement on sales indicated that defendant knew the goods were intended for resale; and from all this and some other circumstantial proof, the jury could find on this record that the conditional sale was with the implied consent of defendant for resale and that the resale was in the ordinary course of business. Plaintiff bank, in turn, regarded the conditional buyer as a dealer in phonograph equipment in his community.
The jury were instructed in general terms that plaintiff had the burden of proving that the defendant consented to resale and that the resale was in the regular course of business. There were no exceptions to this charge by defendant and no requests for amplification, and it is to be assumed that defendant’s contention that there was no such consent to resale was fully argued to the jury.
Appellant argues the issue of law that plaintiff bank is not a “ purchaser ” from the buyer “ under a resale ” and “ in the ordinary course of business ”. But plaintiff bank has paid a valuable consideration to the buyer Shearer in the ordinary course of business for an interest in the goods, i.e., the interest that Shearer had in them as conditional seller to Wood. The bank bought the reserved title in the property, and, indeed, paid to Shearer the principal part of the purchase price.
The plaintiff was, therefore, a purchaser from the buyer under resale in the ordinary course of business, a view which the former Supreme Court of New Jersey took of the provisions of this section of the uniform statute and in very similar factual circumstances, in De Cozen Motor Co. v. Kaufman (113 N. J. L. 343). Under a statute which differs, however, in material respects from the present New York act, the Supreme Court of Iowa in State Savings Bank v. Universal Credit Co. (233 Iowa 247) held that the assignee of a conditional seller’s contract acauired the usual rights of a purchaser. We regard the plain *422 tiff as a purchaser within the protection afforded by section 69.
The judgment and order should be affirmed, with costs to the respondent.
Foster, P. J., Heeeernan, Brewster and Santrt, JJ., concur. Judgment and order affirmed, with costs to the respondent.