LIZZIE COHEN, Respondent, *v.* 1165 FULTON AVENUE CORPORATION et al., Defendants, and CHARLES TISCH, INC., Appellant.

(Argued April 15, 1929; decided May 28, 1929.)

*Vincent A. O'Connor* for appellant. Plaintiff did not acquire any right, title or interest to the gas ranges installed in the premises. (*Kirby* v. *Clapp,* 155 App. Div. 37; *Cosgrove* v. *Trosecher,* 62 App. Div. 123; *Central Union Gas Co.* v. *Browning,* 210 N. Y. 10; *Kohler Co.* v. *Brasun,* 249 N. Y. 226; *McCluskey* v. *Cromwell,* 11 N. Y. 593; *Uihlein* v. *Matthews,* 172 N. Y. 154; *Matter of Eisle* v. *Woodin,* 205 App. Div. 452; *Matter of Quimby* v. *Public Service Commission,* 223 N. Y. 244; *Matter of Dwire,* 192 App. Div. 72; *Crayton* v. *Larabee,* 220 N. Y. 493.)

*Henry Simon* and *Harry C. Soffer* for respondent. Under the provisions of section 67 of the Personal Property Law, a mortgagee of the realty in a foreclosure action acquires title to gas ranges which are attached to the realty in an apartment house in the usual and customary manner as against the title of the vendor of such ranges under an unrecorded bill of sale. (*Central Union Gas Co.* v. *Browning,* 210 N. Y. 10; *Southworth* v. *Freeland,* 24

Wend. 191; *Cohoes Iron Foundry & Machinery Co.* v. *Glavin,* 190 App. Div. 87; *Kohler Co.,* v. *Brasun,* 249 N. Y. 224; *Roderick* v. *Sanborn,* 106 Me. 159; *Hoak* v. *Bolton,* 199 Mass 244.) Section 67 of the Personal Property Law (Laws of 1922, chap. 642) must be complied with in order to permit a reservation of title in gas ranges which have become part of the realty. (*Crocker Wheeler Co.* v. *Genesee Recreation Co.,* 160 App. Div. 373; *Price* v. *Case,* 10 Conn. 381; *Cohen* v. *1165 Fulton Avenue Corporation,* 222 App. Div. 378.)

KELLOGG, J. The defendant 1165 Fulton Avenue Corporation was the owner of an apartment house. It purchased a quantity of gas ranges from the defendant Charles Tisch, Inc., under a conditional sale contract which reserved title therein to the seller, placed them in the several apartments of the building and attached the same by couplings to the gas service pipe which distributed gas to the various apartments. Thereafter the defendant owner executed and delivered to the plaintiff a mortgage upon the apartment house premises, in order to secure the repayment of a sum of money borrowed from her. The mortgage, after describing in detail the real estate mortgaged, continued with words descriptive of the subject of the mortgage as follows: " Together with all fixtures and articles of personalty now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage." Within these descriptive words gas ranges belonging to the mortgagor would necessarily be included. In this respect the issues here are widely different from those presented in *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12). There the question to be determined was whether or not gas ranges after attachment to a building became real property and, as such, were subjected to the lien of a real estate mortgage. Here the question is: Did the mortgagor have title to the gas ranges, so that they became in part the subject-

matter of a mortgage executed by it, which covered not only a building owned by the mortgagor but all articles of personalty attached thereto? The answer is found in the provisions of section 65 of the Personal Property Law (Cons. Laws, ch. 41), added by the Laws of 1922, chapter 642, section 2. The section provides as follows: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided." Under section 61 of the same act these definitions are given: "'Purchase' includes mortgage and pledge;" "'Purchaser' includes mortgagee and pledgee." The mortgage was taken by the plaintiff without knowledge of the provision of the conditional sale reserving title, prior to the time when the contract had been filed in the appropriate public office. The plaintiff was, therefore, within the meaning of section 65, a "purchaser" who "without notice of such provision" purchased the gas ranges before the contract for their sale had been filed. Consequently, as to the plaintiff, the condition reserving title was void and the mortgage upon chattels given to her created a lien upon the ranges in the possession of the mortgagor, as fully as would have been the case had an absolute title thereto been acquired by it. For these reasons, and these reasons only, the order appealed from was properly granted.

The order should be affirmed, with costs, and the questions certified answered in the negative.

CARDOZO, Ch. J., POUND, LEHMAN, O'BRIEN and HUBBS, JJ., concur with KELLOGG, J.; CRANE, J., concurs in result for reasons stated in his dissenting opinion in *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12).

Order affirmed, etc.