PERFECT LIGHTING FIXTURES CO., INCORPORATED, Respondent, v. GRUBAR REALTY CORPORATION and Another, Defendants, Impleaded with 777 FOX STREET CORPORATION, Appellant.

First Department, January 31, 1930.

*Benjamin Barondess,* for the appellant.

*Jacob Schechner* of counsel [*Samuel Horowitz,* attorney], for the respondent.

MERRELL, J. Plaintiff sues in replevin to recover certain electrical fixtures which it installed in premises 779–783 Fox street, Bronx, New York city, under a conditional sales contract entered into by plaintiff with the defendant Grubar Realty Corporation. It is alleged in the amended complaint that the fixtures were delivered on the premises 779 Fox street on or about August 12, 1927, and that the conditional bill of sale was filed in the office of the register of the county of Bronx on August 13, 1927. Plaintiff further alleges that the said fixtures were of the nature and so attached to the realty that they might be severed therefrom without material injury to the freehold; that the sum of $2,077.75, the value of said chattels, was demanded of the defendant Grubar Realty Corporation, and that payment was refused. The complaint also contains an allegation that prior to the commencement of the action demand was made of defendants for possession of said chattels, which demand was refused, and that defendants retained said chattels to plaintiff's damage in the sum aforesaid.

The original complaint was dismissed on motion of defendant and leave granted to file an amended complaint which was done by plaintiff. The defendant, appellant, answered, counterclaiming for a cancellation of the conditional sales contract. An amended answer served by defendant realleged its counterclaim for the cancellation of the conditional sales contract. To this amended answer the plaintiff replied denying the allegations contained in

the defendant's counterclaim. Upon such pleadings the defendant, appellant, moved for judgment. The court below denied the motion.

Upon this appeal from the order denying defendant's motion the defendant urges three grounds for reversal, the first ground being that there was upon the real property in question a prior real estate mortgage which contained a statement that the mortgage covered fixtures attached or to be attached to the building, and that by reason of such provision the plaintiff is estopped from claiming any title under its conditional sales contract filed subsequent to said real estate mortgage. The second ground upon which appellant seeks reversal is that the conditional sales contract was not promptly filed, and that it was never refiled, in violation of section 64 of the Personal Property Law. As a further point, the appellant urges that no proper demand was ever made upon defendant for return of the chattels.

Considering these points in the inverse order mentioned, we think the complaint was entirely sufficient so far as the allegation of a demand for return of the chattels was concerned.

The second point urged by appellant, that there was no proper filing under section 64 of the Personal Property Law, presents a more serious question. The court below, in an opinion, held that the provisions of section 71 of the Personal Property Law which make the filing of a conditional bill of sale valid for three years, was applicable to the situation here presented. The appellant contends that, under the provisions of section 80-j of the Personal Property Law, the provisions of section 71 were made applicable only outside the counties comprising the city of New York, of which the county of Bronx is one, and that section 64 of the Personal Property Law, which was repealed by chapter 642 of the Laws of 1922, was by the enactment of section 80-j restored so as to provide that all conditional sales contracts within the counties comprising the city of New York must be filed in order to be valid during one year from the time they were made and the validity of such filing extended by refiling within thirty days next preceding the expiration of each succeeding year. The justice who presided at Special Term, and upon whose opinion the order appealed from denying defendant's motion was granted, held that the real purpose of section 80-j was not to engraft an amendment upon section 71 so as to except the application of said section to New York city. The court suggested in its opinion that had the Legislature intended to restrict section 71 to the territory outside New York city it would have plainly said so. The court below was of the opinion, and we think correctly, that after section 64 had been repealed by chapter 642 of the Laws of 1922, it was discovered that the provisions

for the routine *method* of filing, including filing in New York city, had been omitted, and that section 80-j was enacted simply to restore the statutory provisions as to the method of filing, indexing, etc. Indeed, the provision in section 80-j (as added by Laws of 1922, chap. 642, known as the Uniform Conditional Sales Act) is merely a saving clause and provides that "nothing in this article contained shall be deemed to affect the provisions of section sixty-four of the Personal Property Law, or any other provision of law regulating or relating to the *official method* of filing, refiling, indexing, canceling or satisfying contracts of conditional sale filed in any of the counties within the city of New York, or the fees payable therefor." Section 64 of the Personal Property Law (as amd. by Laws of 1915, chap. 455, and Laws of 1925, chap. 561) expressly provides the method in which a conditional contract of sale of personal property shall be filed, and we think the real purpose of the enactment of the saving clause in section 80-j was merely to preserve the old official method of filing in vogue prior to 1922, and that such *method* of filing was not intended to include the time of filing, but merely refers to the internal administration of the filing offices. We are of the opinion that, had the Legislature intended that section 71 (added by Laws of 1922, chap. 642, as amd. by Laws of 1926, chap. 160) be applicable only to counties outside those within the city of New York, the statute would have clearly so stated.

The first ground upon which the appellant asks reversal is that at the time of the execution of the conditional contract of sale of the fixtures in question there was a prior real estate mortgage upon the land containing a provision that the mortgage was applicable to fixtures then attached or thereafter to be attached to the building, and that, therefore, the moment the plaintiff's fixtures were attached to the building they were covered by the mortgage in question. We do not think there is any force in that position. It seems absurd to claim that a mortgagor of real property could give a mortgage of personal property not in existence and to which he had no title. Undoubtedly he could mortgage all to which he at the time had title or which he might subsequently buy and pay for, but we do not think it was within his power to mortgage property not in existence or which he might at some future date acquire under a conditional sales contract. The fixtures in question, after the execution of the defendant's mortgage, were acquired by the Grubar Realty Corporation under a conditional sales contract from the plaintiff, which contract was thereafter duly filed. The appellant relies strongly upon the case of *Cohen v. 1165 Fulton Avenue Corporation* (251 N. Y. 24) as authority for his contention that where fixtures are sold under a conditional sales

contract subsequent to the filing of a mortgage on real estate, which mortgage contained a clause that it covered fixtures and articles of personal property then or thereafter attached or to be used in connection with the premises, such mortgage could defeat the claim of the person who sold the fixtures pursuant to the conditional sales contract, subsequent to the making and filing of the real estate mortgage. However, in the *Cohen* case the facts were quite different from those in the case at bar. There the defendant 1165 Fulton Avenue Corporation owned an apartment house. Said corporation purchased a quantity of gas ranges from the defendant Charles Tisch, Inc., under a conditional sales contract. *Thereafter* and before said defendant filed its conditional sales contract the defendant 1165 Fulton Avenue Corporation gave a mortgage to plaintiff on the apartment house which mortgage contained a clause " together with all fixtures and articles of personalty now or hereafter attached to or used in connection with the premises, all of which are covered by this mortgage." It will be noted that this real estate mortgage was given subsequently to the making of the conditional sales contract, but prior to its filing. Indeed, the conditional sales contract in the *Cohen* case appears never to have been filed. Under such circumstances the mortgagee, under the provisions of section 65 of the Personal Property Law (as added by Laws of 1922, chap. 642), would take title to the fixtures as they were mortgaged prior to the filing of the conditional sales contract and after the fixtures were actually in existence. Here the situation is quite different and it is sought to have the mortgage apply to property *not in existence* at the time of the execution of the mortgage. It is conceded that the mortgage given by the Grubar Realty Corporation to Friedman was long before the execution of plaintiff's conditional bill of sale.

We think there are issues which should only be disposed of at a trial, and that the order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.