DIANA PAPER COMPANY, Plaintiff, Impleaded with HARRISVILLE ELECTRIC LIGHT AND POWER COMPANY and Another, Appellants, Respondents, *v.* WHEELER-GREEN ELECTRIC COMPANY and Another, Respondents, Appellants.

Fourth Department, March 5, 1930.

*Kilby, Norris & Smith* [*Fred L. Smith* of counsel], for the plaintiffs Harrisville Electric Light and Power Company and George D. Wilder.

*Nicholas J. Weldgen,* for the defendant Charles W. Oster.

CROUCH, J.  The action as it comes to us relates merely to the respective rights in mortgaged chattels as between defendant Oster, a first chattel mortgagee, whose mortgage contained an after-acquired property clause, and plaintiffs, who were second mortgagees.

The effect of an after-acquired property clause in a chattel mortgage is concisely stated in *Titusville Iron Co.* v. *City of New York* (207 N. Y. 203, at p. 209) as follows: " Mortgages or contracts pledging subsequently acquired property, though void at law, will nevertheless be enforced in equity as between mortgagor and mortgagee as agreements to give liens, and also as against purchasers with notice.  (*McCaffrey* v. *Woodin,* 65 N. Y. 459; *Kribbs* v. *Alford,* 120 id. 519.)  But it seems settled law, at least in this State, that they will not be enforced as against creditors.  (*Rochester Distilling Co.* v. *Rasey,* 142 N. Y. 570; *Zartman* v. *First Nat. Bank of Waterloo,* 189 id. 267.) "  The *Rasey Case* (*supra*) makes clear that the word " creditors " means " attaching or execution creditors " and not general creditors.  (See, also, *Coats* v. *Donnell,* 94 N. Y. 168, 177.)

Oster's mortgage was duly filed and renewed.  Plaintiffs were chargeable with notice constructively.  (*Kribbs* v. *Alford,* 120 N. Y. 519, 524.)  In any event they had actual notice.  It is, therefore, unnecessary here to discriminate between the property in the mortgagor's possession when Oster's mortgage was given and that which was thereafter acquired.  Plaintiffs took with knowledge of and hence subject to Oster's equitable interest.  Nor was the Oster mortgage invalid for legal fraud within the rule stated in

*Skilton* v. *Codington* (185 N. Y. 80). There was no provision in it which attempted to make it a floating charge on shifting property. The result is that as to all the property in controversy, with one exception, the lien of the Oster mortgage is superior. Whatever rights plaintiffs may have had as creditors were surrendered and merged in their mortgage. The exception relates to the electric motor and appurtenances purchased from the Wheeler-Green Electric Company on a conditional sale contract. The purchase price was $1,973. The mortgagor had paid thereon $897.30. The Oster mortgage covered that only to the extent of the mortgagor's interest. (*Washington Trust Co.* v. *Morse Iron Works*, 106 App. Div. 195.) The vendor's interest passed to plaintiffs since the contract was not filed and there was no actual notice.

The decision and judgment should be modified accordingly and as modified affirmed, without costs of this appeal to either party.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law modified.