ALF HOLDING CORPORATION, Respondent, *v.* AMERICAN STOVE COMPANY, Appellant.

(Argued March 27, 1930; decided May 6, 1930.)

*Margaret M. Wardell* and *William W. Robison* for appellant. The trial court erred in holding that the gas ranges were fixtures within the provisions of section 67 of the Personal Property Law and that because the conditional sale contract was not filed under the provisions of that section before they were affixed to the realty, it was void as to the plaintiff. (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12; *Cohen* v. *1165 Fulton Avenue Corp.*, 251 N. Y. 24.)

*Joseph P. Tolins* and *I. Henry Kutz* for respondent. The plaintiff is a purchaser from a buyer under a conditional bill of sale without notice of the conditional nature of the buyer's title and before the filing of the conditional sale agreement by the conditional seller in accordance with the statute, and, therefore, has obtained good title as against the conditional seller. (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12; *Cohen* v. *1165 Fulton Avenue Corp.*, 251 N. Y. 24; *Lloyd's First Mortgage Corp.* v. *Lombard*, 227 App. Div. 400.)

CARDOZO, Ch. J. Plaintiff, the owner of an apartment house, brings this action for an injunction to restrain the removal of eighty-three gas ranges installed in the apartments under contracts of conditional sale.

Gas ranges are not fixtures within section 67 of the Personal Property Law (Cons. Laws, ch. 41). As to

this any doubt there once was has been removed by decisions recently announced (*Madfes* v. *Beverly Dev. Corp.*, 251 N. Y. 12, and *Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24). Not being fixtures, they do not come into the plaintiff's ownership as an incident annexed by law to ownership of the land. To overcome the title of the conditional vendor, the plaintiff must be able to build its title to the ranges upon a basis more secure than the doctrine of accession. It must show itself a purchaser of the chattels from the conditional vendee by a title independent of title to the land. If such a purchase has been made, the reservation of ownership will not aid the conditional vendor unless the contract has been filed in accordance with the statute (*Cohen* .v. *1165 Fulton Ave. Corp., supra;* Pers. Prop. Law, § 65).

We think a purchase of the chattels, apart from title to the building, is a reasonable, if not a necessary, inference from the evidence before us. The plaintiff had a contract with the conditional vendee whereby the latter was to complete the building then partially constructed, and finish it " in a fashion similar to buildings of the same type in said location." There is no denial that fulfillment of that covenant made it necessary to supply the building with ranges and like fittings, without which apartments of that order would be unsuitable for tenants. In return for these improvements, the plaintiff was to make payments to the builder in installments, and at the end to deliver a conveyance to be secured by a mortgage in the form in use by the Title Guarantee and Trust Company. On December 18, 1926, all the advances had been made except $5,000. The plaintiff's representative then visited the building, and found the gas ranges delivered and most of them installed. So at least it seemed to him, though in fact a few of the ranges were delivered a week later. Satisfied through this inspection that the promised improvements were substantially complete, he made out a check to the builder for $4,350,

having reduced the promised payment of $5,000 by $650, the value of lighting fixtures discovered to be missing. This deduction in itself is convincing evidence that the payments were not limited to fixtures in the proper sense, but were understood to include chattels commonly attached to buildings of that order. There are other signs of that intention to be gathered from the wording of the contract, but it is needless to enlarge upon them. The builder became bankrupt December 31, 1926. The contract of conditional sale was filed for the first time on January 3, 1927. The plaintiff before the filing had become the purchaser of the chattels without notice of any provision reserving title to another (Pers. Prop. Law, § 65).

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.