Sam Chasnov, Trading under the Name and Style of United
Refrigerator Company, Plaintiff, *v.* Marlane Holding Co.,
Inc., Defendant.

Municipal Court of New York, Borough of Brooklyn, First District, June 23, 1930.

*Bernard Noskin*, for the plaintiff.

*Gettinger & Gettinger*, for the defendant.

WASSERMAN, J. This case is submitted on an agreed statement of facts under the provisions of section 124 of the New York City Municipal Court Code.

On the 23d day of November, 1928, the plaintiff sold to the M. S. Homes Corporation twenty-four refrigerators under a conditional bill of sale which provided that the chattels shall always remain personal property, regardless of their annexation to the real estate, and that the title to them shall remain in the seller until fully paid for.

The refrigerators were delivered on the 11th day of February, 1929, at the premises Nos. 344–354 Ninetieth street, Brooklyn, and were installed by the plaintiff in the respective kitchens of the twenty-four apartments in said building, which was then in the course of construction by the M. S. Homes Corporation.

At the time of the delivery of the refrigerators to the said building it was incumbered by a first mortgage, in the form of a building loan, upon which part of the advances had been made, by a second mortgage and by a third mortgage.

Subsequent to the delivery of the refrigerators and prior to the filing of the conditional bill of sale the final advances under the building loan mortgage were made to the M. S. Homes Corporation, and the holder of the second mortgage subordinated his mortgage to the building loan mortgage as a first mortgage on which all advances had been made and covered a completed building.

The conditional bill of sale was filed in the register's office of Kings county on the 8th day of April, 1929, which was after the final advances under the building loan mortgage and the subordination to it of the second mortgage had been made.

The building loan mortgage contained a clause to the effect that it covered the fixtures and personal property used in connection with the building.

The second mortgage contained the following clause: " Together with all fixtures and articles of personal property now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage."

The second mortgage was foreclosed in an action commenced on the 26th day of April, 1929, and the defendant in this action became the purchaser at the foreclosure sale and received the referee's deed to the premises on the 2d day of August, 1929. On the 21st day of February, 1930, the plaintiff made demand on the defendant for the surrender of the refrigerators, which demand was ignored, and in consequence thereof this action for conversion was instituted for the sum of $225.

A great deal of confusion prevails as to the construction of sections 65 and 67 of the Personal Property Law (as added by Laws of 1922, chap. 642). It becomes evident after a careful reading of these sections that they each cover different classes of chattels. There are three classes of chattels used in connection with real estate. *First*, there is the class of chattels which because of their character remain personal property after their annexation to real estate, even without any agreement between the parties to that effect. Gas ranges and refrigerators come within this class. *Second*, the class of chattels such as bricks, stones and plaster, placed in the walls of a building, which become real estate, after annexation thereto, notwithstanding an agreement to the contrary. *Third*, there is the class of chattels which, after annexation to the real estate, continue to be personal property, or become real estate, in accordance with the agreement between the owner of the chattels

and the owner of the real estate. It is clear that section 67 of the Personal Property Law affects only chattels coming within the third class and does not apply to any of the other classes of chattels. (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12.)

Section 65 covers all of the classes of chattels excepting the class of goods purchased for resale. This section makes every provision in a conditional sale contract, reserving property in the seller, void as to any purchaser from the buyer without notice, or as to any creditor of the buyer who acquires a lien on the chattels by attachment or levy, if such purchaser or creditor acquired his rights before a copy of the contract of conditional sale is filed as provided by law.

Under this section a purchaser (purchase includes mortgage and pledge) (Pers. Prop. Law, § 61, as added by Laws of 1922, chap. 642) who buys without notice that the chattels which he purchases have been bought by his vendor under a conditional contract and who buys before the conditional contract has been filed as provided by law, is protected regardless of the character of the chattels and as to whether they are annexed to the real property and become part of the realty or not. (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24.) Under this section there can be no purchase of the chattels by implication growing out of the purchase of real estate to which the chattels have been annexed. Unless the deed or mortgage expressly covers the sale of the chattels, a purchaser of the real estate to which the chattels were annexed would acquire no title to the chattels under section 65. (*Madfes* v. *Beverly Development Corp.*, *supra*.)

Obviously one cannot become a purchaser without notice of chattels which his vendor does not even possess at the time of such purchase. It cannot be said that a person who buys chattels to be acquired by his vendor in the future is a purchaser without notice because one cannot be held to be without notice as to a matter that has not yet happened as it is possible that he may have notice that his vendor is a conditional buyer at the time that his vendor acquires the chattels that he had previously sold. (*Perfect Lighting Fixtures Co.* v. *Grubar Realty Corp.*, 228 App. Div. 141.)

The refrigerators involved in this action are within the first class of chattels as previously defined, and, therefore, the rights of the parties to them must be determined in the light of the provisions of section 65 and not section 67 of the Personal Property Law. The rights of the defendant to the chattels depend entirely on the rights that the second mortgagee had in them.

The plaintiff is correct in his contention that the second mortgagee acquired no title to the refrigerators under section 65 of the Personal Property Law. At the time that the second mortgage

was given and recorded, the refrigerators had not been delivered to the M. S. Homes Corporation and it had no title to or possession of them. Therefore, the clause in the mortgage whereby the M. S. Homes Corporation sells to the mortgagee the " fixtures and articles of personal property now or hereafter attached to or used in connection with the premises " was ineffective to give title to the mortgagee as a purchaser without notice, because, as pointed out above, a person buying something which his vendor did not at the time own or possess is not a purchaser without notice. (*Perfect Lighting Fixtures Co.* v. *Grubar Realty Corporation, supra.*) Neither did the second mortgagee become a purchaser without notice, within the meaning of sections 61 and 65 of the Personal Property Law, by subordinating his mortgage to the installments advanced by the building loan first mortgagee. (*McCloskey* v. *Henderson*, 231 N. Y. 130.)

The defendant obtained his title to the premises by buying the premises at the foreclosure sale under the second mortgage, and, therefore, obtained no greater rights to the chattels than the second mortgagee had. However, the solution of the question whether, in spite of the fact that the defendant has no title to the refrigerators, he is liable to the plaintiff in conversion, depends on the rights that the first mortgagee had in the refrigerators.

The building loan first mortgage contains a clause which transfers title to the fixtures and personal property used in connection with the building to the mortgagee. As to amounts advanced on this mortgage prior to the delivery and installation of the refrigerators, the mortgagee was not a purchaser without notice, because at the time of such advances the M. S. Homes Corporation did not have title or possession of the chattels. But as to the installments advanced subsequent to the installation of the refrigerators, the mortgagee became a purchaser without notice. The nature of building loan mortgages is such that advances are made as the work progresses and as chattels are annexed to the realty, and consequently the mortgagee in effect pays for all of the work done and all of the chattels annexed with each installment payment made after the work has been done and the chattels annexed. If such payments are made before the conditional contract has been filed and without notice that the chattels, already annexed to the building, have been purchased under a conditional contract, the mortgagee becomes a purchaser without notice within the meaning of section 65 of the Personal Property Law. (*Alf Holding Corp.* v. *American Stove Co.*, 253 N. Y. 450; *McCloskey* v. *Henderson*, 231 id. 130.) Therefore, the first mortgagee acquired title to the refrigerators in question.

The ownership of the building by the defendant was subject to the prior rights of the first mortgagee. While the defendant has no title to the refrigerators, the first mortgagee has. The plaintiff cannot maintain replevin or conversion for these chattels as against the first mortgagee. The possession of the refrigerators by the defendant is merely incidental to the ownership of the building in connection with which these chattels were used. The defendant could not remove or allow someone else to remove these chattels without being liable for waste to the first mortgagee. (*McCloskey* v. *Henderson, supra.*) In other words, the possession of the chattels by the defendant is in the capacity of custodian on behalf of the first mortgagee, without power of exercising any discretion with relation to them. It is not the kind of possession upon which an action in conversion can be predicated. Furthermore, it is a good defense to an action for conversion that the right of possession is in a stranger other than the plaintiff. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348.) The defendant sustains this defense by showing that the right of possession to the chattels is in the first mortgagee.

The defendant is, therefore, entitled to judgment dismissing the complaint on the merits.