HOBART HOLDING Co., INC., Appellant, v. FORTWELL REALTY CORPORATION and Others, Defendants. KELVINATOR SALES CORPORATION, Respondent.—Order modifying judgment of foreclosure and sale reversed upon the facts, without costs, and motion denied, without costs, upon the ground that the rights of Kelvinator Sales Corporation, respondent here, have been determined on the appeal in *Hobart Holding Co., Inc.*, v. *Fortwell Realty Corporation* (*post*, p. 689), decided herewith, and the case is remitted to the Special Term for the entry of an order directing the referee to make and deliver to the purchaser a correction deed. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

HOBART HOLDING Co., INC., Respondent, v. FORTWELL REALTY CORPORATION

690

and Others, Defendants, and KELVINATOR SALES CORPORATION, Appellant.—
Judgment against the appellant reversed upon the law and the facts, with costs,
and complaint as against the appellant dismissed, with costs. The appellant's
title to the first delivery of the refrigerators was fully protected by the filing of
the conditional sales agreement as required by section 65 of the Personal Property
Law,* under which section the sale of the refrigerators belonged. (*Madfes* v.
*Beverly Development Corp.*, 251 N. Y. 12; *Alf Holding Corp.* v. *American Stove
Co.*, 253 id. 450.) The clause in the mortgage purporting to mortgage personal
property thereafter attached or used in connection with the premises did not
affect the conditional vendor's rights under the delivery of the third lot. (*Perfect
Lighting F. Co., Inc.*, v. *Grubar Realty Corp.*, 228 App. Div. 141, 144.) The
findings that plaintiff was without knowledge or notice of the conditional sales
agreement regarding the second delivery and which was filed three days after
the making of the mortgage, are contrary to the evidence. The burden of
establishing itself as a mortgagee in good faith or a purchaser for value was upon
the plaintiff. (*Kommel* v. *Herb-Gner Const. Co., Inc.*, 228 App. Div. 96; *Boriskin*
v. *Toll Realty & Const. Co., Inc.*, 225 id. 605.) The testimony of Aaron, who
represented to the fullest extent all three mortgagees, establishes his knowledge
of partial deliveries at a time when the law had been complied with as to the
first delivery and also shows his utter failure to make any inquiry that would
have informed him of the conditional vendor's rights. Findings of fact and
conclusions of law inconsistent herewith are reversed and new findings and
appropriate conclusions will be made. Lazansky, P. J., Young, Kapper, Carswell
and Scudder, JJ., concur. Settle order on notice.

---

* Added by Laws of 1922, chap. 642, known as the Uniform Conditional Sales
Act.— [REP.