PRISCO & SOVERIO, INC., Respondent, *v.* BIFULCO BROS., INC., and Others, Defendants, Impleaded with HYGRADE REFRIGERATOR CORPORATION, Appellant.

Second Department, December 18, 1931.

*Murray Levine*, for the appellant.

*Morris Weiss*, for the respondent.

KAPPER, J. In this action of foreclosure the appellant, Hygrade Refrigerator Corporation, interposed as a defense and counterclaim the agreed price for installing some hanging closets in the various kitchens of the apartment house upon said premises, for which installation there was concededly and duly filed a conditional sales contract. The judgment decreed a sale of the premises " free and clear of the lien of the conditional bill of sale," and dismissed the counterclaim. The learned trial justice found:

" *Twenty-first.* That the fixtures installed by the said defendant, Hygrade Refrigerator Corporation, as described in paragraph Twentieth hereof, have become part of the realty and cannot be removed without material injury to the mortgaged premises."

What the appellant supplied in these premises was " 18 kitchen units," each " unit " consisting of two twenty-four-inch hanging closets and two bases of like dimensions resting upon the kitchen floors.

It is also declared in the contract which was made between the appellant and the owner of the premises that what was sold " shall not become a fixture by being attached in any manner to any building or realty and that the said apparatus shall at all times and for all purposes be treated and considered as personal property." The issue here is whether these kitchen cabinets are realty or personalty. Appellant's president, Griboff, testified that these kitchen cabinets consist of two hanging closets and two small cabinets " which stand on the floor," the hanging closets having a back, front and two sides, with inside shelves, and are attached to the plastered wall with two nails, and to take out the cabinets would require nothing more than the removal of the two nails, which would then expose the unfinished wall.

Prisco, president of the plaintiff mortgagee, testified that in

order to remove these cabinets it would be necessary to take out some tiling which surrounds the cabinets. The tiling to which the witness referred is shown to consist of four rows horizontally placed one on top of the other and upon the top row of which these hanging kitchen cabinets rest. It was admitted by the witness that while the removal of these cabinets would occasion some repair to the tile and plaster, the cabinets were not necessary for the support of the building in any manner.

Upon this testimony the finding above quoted was made. In my opinion neither the finding nor the conclusion founded thereon should be sustained.

By section 67 of the Personal Property Law it is provided that as to a conditional sale of goods so affixed to realty at the time of the sale or subsequently as to become a part thereof and not to be severable wholly or in any portion " without material injury to the freehold," there can be no valid reservation of property " not so severable;" but if so affixed as to be severable " without material injury to the freehold," subsequent purchasers of the realty for value and without notice of a conditional seller's title obtain a title free and clear of the reservation of ownership contained in the conditional bill of sale unless " the conditional sale contract, or a copy thereof, * * * shall be filed," etc.

We are not concerned with any question whether the case falls within section 67 (*supra*) or within section 65 of the Personal Property Law (as added by Laws of 1922, chap. 642), which apparently is limited to sales of property that may be characterized as distinctly personal property, so that the holding in *Madfes* v. *Beverly Development Corp.* (251 N. Y. 12) that gas ranges, although installed in the building, were personalty the character of which was not affected by the fact that no conditional sales contract had been filed, need not be considered as controlling this case, as we shall assume that section 67 (*supra*) obtains here. The vendor's conditional bill of sale concededly having been duly filed, the question whether these kitchen cabinets and their bases were severable from the building " without material injury to the freehold " should, upon the proof, have been determined in the affirmative.

In *East N. Y. El. Co.* v. *Petmaland Realty Co.* (243 N. Y. 477, 480) it was said, per LEHMAN, J.: " Unquestionably if the personal property had not been attached to the real property in such manner that it became an integral part thereof, the plaintiff would still retain title to the personal property under the terms of the contract of sale, and would have the right to resume possession of it. The

contract of conditional sale of personal property which is to be attached to real property evinces conclusively and as matter of law the intent of the parties that the property should remain personal property until it was paid for. This intent may control the result which would ordinarily flow from the manner in which the personal property is attached to the real property, and ' the character of the article as personal property [may] be preserved not only as against the vendee but also, in the absence of statutory provision, as against the mortgagee, owner and, under certain circumstances, the subsequent grantee of the real estate.' (*Davis* v. *Bliss*, 187 N. Y. 77. See, also, *De Bevoise* v. *Maple Avenue Construction Co.*, 228 N. Y. 496; *McCloskey* v. *Henderson*, 231 N. Y. 130.) The opinions in these cases indicated a limitation to the general application of the rule, viz., that regardless of intent, personal property does not retain its character as personal property when attached to real property in such manner that the ' property could not be removed without practically destroying it, or where it or part of it is essential to the support of that to which it is attached.' (*De Bevoise* v. *Maple Avenue Construction Co.*, *supra*.) Except for such limitation, the plaintiff would still retain its title to the property, and could demand its return; and if its demand be refused, could sue for the conversion of its property. If such limitation applies to the circumstances of the present case the result will be that the plaintiff has lost its title to the personal property, just as any other owner of personal property loses title to his property when he attaches it to real property in such manner that as a matter of law it loses its character of personal property, regardless of the intent with which it was attached."

Numerous cases indicate the attachment of property to the freehold which, nevertheless, by reason of the agreement of the parties, retained its character of personalty, although more strongly or more markedly fastened than were the cabinets in the case at bar. (*Kohler Co.* v. *Brasun*, 249 N. Y. 224; *Tifft* v. *Horton*, 53 id. 377; *Colwell Lead Co.* v. *Home Title Ins. Co.*, No. 1, 154 App. Div. 83; *Davis* v. *Bliss*, 187 N. Y. 77; *Ratchford* v. *Cayuga County Cold Storage & W. Co.*, 217 id. 565.)

The limitation pointed out in the cases cited · *supra* does not permit of the finding that was here made. These kitchen cabinets were removable without material injury to the premises. To say that the attachment of them in the manner shown in the testimony " ' is such that the attributes of personal property cannot be predicated of the thing in controversy ' " or that they " ' could not be removed without practically destroying ' " the property or that they are " ' essential to the support of that to which it is [they are]

attached'" (*Madfes* v. *Beverly Development Corp.*, *supra*), is to draw a conclusion not supported by any authority nor based upon reasonable dealing. It is the vendor of precisely such articles as are here involved who aids materially in bringing about the construction of the very important apartment houses in the city of New York. If we are to hold with undue strictness against the conditional vendor who has complied with the law, we take a step which materially retards building construction. The conditional contract must not only be encouraged, but the conditional vendor who has complied with the statute should be fully protected. There is nothing, in my opinion, which justifies a conclusion that these kitchen cabinets lost their character as personalty by being attached to the kitchen walls of the building with the aid of a couple of nails. Their severance should not be characterized as working a material injury to the freehold; and whatever slight injury followed from the extraction of the nails that supported the cabinets was within the fair contemplation of the vendor and vendee in the making of the conditional sale contract.

But there is another contention advanced by the respondent whose mortgage preceded the making of the conditional sale in the present case. That mortgage contains this clause: " Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with, the premises, all of which are covered by this mortgage."

It is urged that *Cohen* v. *1165 Fulton Ave. Corp.* (251 N. Y. 24) is authority supporting a total loss of ownership to the conditional vendor at bar. That case involved a conditional sale contract which had not been filed when the subsequent mortgagee accepted the mortgage with the personal property affixed (in that case gas ranges were attached as such fixtures usually are), and without notice of any reservation of title. Whether, in fact, the conditional sales contract had ever been filed is doubtful (See *Perfect Lighting F. Co., Inc.,* v. *Grubar Realty Corp.,* 228 App. Div. at p. 145), but unquestionably it was not filed when the mortgage was given mortgaging property then attached to the premises. The distinction between the *Cohen* case and the present one is pointed out and clearly exemplified in the *Perfect Lighting F. Co. Case* (*supra*), where a mortgage covered " fixtures then attached or thereafter to be attached to the building." Later, lighting fixtures were installed under a conditional sales contract duly filed. It was claimed that the mortgage embraced the lighting fixtures. The contention was rejected, the court (per MERRELL, J.) saying (p. 144): " It seems absurd to claim that a mortgagor of real property could give a mortgage of personal property not in

existence and to which he had no title. Undoubtedly he could mortgage all to which he at the time had title or which he might subsequently buy and pay for, but we do not think it was within his power to mortgage property not in existence or which he might at some future date acquire under a conditional sales contract."

We followed the case last cited on this point in *Hobart Holding Co., Inc.*, v. *Fortwell Realty Corp.* (232 App. Div. 689, 690).

The judgment should be modified by striking therefrom the provision that the premises be sold free and clear of the lien of the conditional sale contract filed by defendant Hygrade Refrigerator Corporation and also the provision that said defendant's counterclaim be dismissed, and by inserting in place thereof a provision that the premises be sold subject to the conditional sale contract of appellant and its rights thereunder, free of any claim of the mortgagee or of any purchaser on the sale, and that the complaint as to said defendant be dismissed. As so modified the judgment, in so far as appealed from, should be affirmed, with costs to appellant.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and TOMPKINS, JJ.

Judgment modified by striking therefrom the provision that the premises be sold free and clear of the lien of the conditional sale contract filed by defendant Hygrade Refrigerator Corporation and also the provision that said defendant's counterclaim be dismissed, and by inserting in place thereof a provision that the premises be sold subject to the conditional sale contract of appellant and its rights thereunder, free of any claim of the mortgagee or of any purchaser on the sale, and that the complaint as to said defendant be dismissed. As so modified the judgment, in so far as appealed from, is unanimously affirmed, with costs to appellant. Findings of fact inconsistent herewith are reversed and new findings and proper conclusions will be made. Settle order on notice.