NEW YORK TITLE AND MORTGAGE COMPANY, Respondent, *v.* MAPARK HOLDING CORPORATION and Others, Defendants, Impleaded with AMERICAN STOVE COMPANY, Appellant. (Two Actions.)

First Department, July 1, 1932.

*Louis Millsaps* of counsel [*Jean A. Fitzsimmons* with him on the brief; *Wills & Wardell*, attorneys], for the appellant.

*Homer A. Stebbins* of counsel [*Henry M. Bellinger* with him on the brief; *Stephen F. Kelly*, attorney], for the respondent.

MARTIN, J.  The plaintiff brought this action to foreclose two mortgages dated September 12, 1928, made by the Minneford Holding Corporation, one of the defendants, to the plaintiff New York Title and Mortgage Company.

By virtue of two contracts of conditional sale made with Minneford Holding Corporation dated September 14, 1928, and filed on June 7, 1929, the defendant, appellant, American Stove Company, asserts title to certain gas ranges delivered to the premises under foreclosure herein.  By the terms of these contracts, title to the ranges was to remain in the seller until the entire purchase price thereof was paid.

The final payments on the building loan mortgages under foreclosure were made on February 8, 1929.  The court found that the defendant, appellant, installed the ranges in the premises prior to February 8, 1929; that it failed to comply with Personal Property Law, section 65, in that it did not file its conditional bill of sale until June 7, 1929, subsequent to the last advances on the mortgages and that the plaintiff relied on the gas ranges as part of the

security for the loan in making advances on the building loan mortgages.

The court at Special Term in rendering judgment for the plaintiff held that the conditional bills of sale filed on June 7, 1929, were void as to the plaintiff and that the defendant, appellant, had lost all right, title and interest in and to the ranges.

The plaintiff contends that the defendant failed to cómply with the provisions of Personal Property Law, section 65, showing that plaintiff was without knowledge of the contracts of conditional sale.

The defendant contends that the court at Special Term erred in finding that the mortgagee relied upon the title to the ranges being in the mortgagor at the time the last payments were made on the building loan mortgages; that the evidence does not sustain such a holding; that inasmuch as the mortgages under foreclosure were dated and acknowledged on September 12, 1928, and recorded on September 13, 1928, and the conditional bills of sale were dated September 14, 1928, after the making and recording of the real estate mortgages, the mortgagor could not by these building loan mortgages have mortgaged personal property to which it had no title and which it had not at that time contracted to purchase.

In *Kommel* v. *Herb-Gner Construction Co., Inc.* (228 App. Div. 96; revd., on other ground, 256 N. Y. 333) this court said: " At common law a contract of conditional sale was good against everybody without notice. Persons purchasing the subject-matter of such bills were bound to inquire into the nature of the title of the holder. Under the statute, to avoid this rule, it becomes the duty of the person who claims no notice of the seller's reserved title, in order to maintain the status of a subsequent purchaser for value thereunder, to make proof of a lack of knowledge of the conditional sale of the questioned goods in himself and his assignors. * * * ' The contract is not void as against him, unless he proves himself within the class of persons against whom the statute declares the contract void.' "

In *Cohen* v. *1165 Fulton Avenue Corp.* (251 N. Y. 24) the Court of Appeals said: " The mortgage was taken by the plaintiff *without knowledge* of the provision of the conditional sale reserving title, prior to the time when the contract had been filed in the appropriate public office. The plaintiff was, therefore, within the meaning of section 65 ' a purchaser ' who ' without notice of such provision ' purchased the gas ranges before the contract for their sale had been filed."

In *Duffus* v. *Howard Furnace Co.* (8 App. Div. 567) the court said: " He must not only be a mortgagee for value, but also a mortgagee without notice."

Authority for the contention of the defendant is to be found in the case of *Perfect Lighting Fixtures Co., Inc.,* v. *Grubar Realty Corp.* (228 App. Div. 141), where the court said: " It seems absurd to claim that a mortgagor of real property could give a mortgage of personal property not in existence and to which he had no title. Undoubtedly he could mortgage all to which he at the time had title or which he might subsequently buy and pay for, but we do not think it was within his power to mortgage property not in existence or which he might at some future date acquire under a conditional sales contract."

A person taking a mortgage on real property and who inserts therein a clause to cover the personal property, should see to it that the party mortgaging the property is the owner of same. To safeguard the rights of all parties an affidavit of title should be obtained from the party mortgaging the property. In many instances where persons are dealing with such matters, that precaution has been followed. The mere fact that a mortgage is placed upon property is not sufficient to permit the foreclosure and sale of personal property belonging to a third party. The burden is properly upon the plaintiff who claims it has mortgaged the personal property of a third party to show that it was done in good faith and without knowledge of the ownership in some other party.

In this case the personal property was not purchased or installed until after the building loan mortgage was given. All of the installments paid under the building loan mortgage were not paid until after the personal property had been installed and a conditional sales agreement executed covering same.

The authorities hold that a plaintiff may not claim priority over the conditional seller by virtue of a building loan mortgage alone. It must be established that it is a purchaser (or mortgagee, Pers. Prop. Law, § 61) of the personal property at a time subsequent to the execution of the mortgage and without knowledge or notice.

The judgments appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, MCAVOY and TOWNLEY, JJ., concur.

In each case: Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.