LIGHTOLIER COMPANY, Plaintiff, *v.* DEL MAR CLUB HOLDING Co., INC., Defendant.

Supreme Court, New York County, September 7, 1932.

*Louis Rosenberg* [*Joseph Feldman* of counsel], for the plaintiff.

*Charles H. Bellows,* for the defendant.

MILLER, J. Plaintiff moves for summary judgment in an action in replevin to recover certain lighting fixtures alleged to have been annexed to a building now owned by the defendant. The fixtures were sold to the then owner, Atlantic Beach Apartment Corporation, under a conditional bill of sale, and installed in the purchaser's building. The buyer's office was in Queens county, while the building is located in Nassau county. The conditional bill was filed in

Nassau county and not in Queens. Subsequently a mortgage of the realty was executed by the owner covering the realty " together with all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises." The mortgage was thereafter foreclosed. The defendant who is the present owner claims to have had no notice, either actual or constructive, of plaintiff's conditional bill of sale.

Section 66 of the Personal Property Law provides that a conditional sale agreement other than those covered by section 67 of the Personal Property Law shall be filed in the office of the city or town clerk in the city or town of the buyer's residence. Section 67 of the Personal Property Law provides that conditional sale agreements relating to chattels affixed or to be affixed to the realty are to be filed in the office " where a deed of the realty would be recorded or registered to affect such realty." The question presented on this motion is whether a conditional sale agreement covering lighting fixtures should have been filed in the place specified in section 66 or in that required by the provisions of section 67.

Section 67 of the Personal Property Law is for the protection of the vendor of fixtures against " subsequent purchasers of the *realty*." (Italics mine.) If the lighting fixtures here involved have a " determinate character as movables," they remain personalty after their annexation to the realty independently of an agreement to that effect between the parties. (*Madfes* v. *Beverly Development Corporation*, 251 N. Y. 12, 15.) In that event they would not pass to a purchaser of the realty (*Madfes* v. *Beverly Development Corporation, supra;* see, also, *Cohen* v. *1165 Fulton Ave. Corporation,* 251 N. Y. 24) but only to the purchaser of the personalty (*Cohen* v. *1165 Fulton Ave. Corporation, supra*). Purchasers of personalty are protected against conditional sales agreements which are not properly filed, by the provisions of sections 65 and 66 of the Personal Property Law and not by those of section 67 of that statute. (*Cohen* v. *1165 Fulton Ave. Corporation, supra*).

" Gas ranges are not fixtures within section 67 of the Personal Property Law." (*Alf Holding Corporation* v. *American Stove Co.,* 253 N. Y. 450, at p. 451.) Likewise *electrical* appliances having a determinate character as movables remain personal property. (*Blumberg* v. *4602 Fourteenth Ave. Corporation,* 232 App. Div. 844; affd., on reargument, in 233 id. 866; *Hobart Holding Co., Inc.,* v. *Fortwell Realty Corporation,* 232 id. 689, 690.)

It follows that the defendant's rights would be superior to those of the plaintiff, the conditional sales agreement not having been filed in compliance with section 66, unless the fixtures fall within the intermediate or indeterminate class whose character as realty or per-

sonalty depends on the agreement of the parties. (*Madfes* v. *Beverly Development Corporation, supra,* 15, 16.)

The moving papers state that the fixtures are annexed to the realty by the simple expedient of being screwed to electrical outlets. In that respect they resemble the gas ranges which were held in *Madfes* v. *Beverly Development Corporation* (*supra*) to constitute personalty, regardless of any agreement between the parties (*supra,* 17), because they (the ranges) were annexed to the realty only to the extent " that they were connected by couplings to the gas service pipes of the building."

The most that may be said in plaintiff's favor is that an issue of fact is presented as to whether the fixtures fall within the class of " determinate " movables or within the category of " indeterminate " movables.

Whether or not the mortgage was taken by the defendant in good faith and without knowledge of the ownership of the " fixtures " by the plaintiff is a question of fact to be determined upon the trial. ( *New York Title & Mortgage Co.* v. *Mapark Holding Corporation,* 236 App. Div. 219, 222.)

The motion for summary judgment is accordingly denied.