ROSENTHAL, Plaintiff, *v.* 269 WEST SEVENTY-SECOND STREET CORPORATION and Others, Defendants.

Supreme Court, New York County, March 15, 1933.

*Lind, Shlivek, Marks & Brin* [*M. Shlivek* of counsel], for the plaintiff.

*M. J. Cahn*, for the defendants.

SHIENTAG, J. Refrigerators were an essential part of the equipment of an apartment house furnished to the tenants from the moment of completion, and they were, therefore, embraced within the coverage clause of the mortgage, which read: " All fixtures and articles of personal property now or hereafter attached to or used in connection with the premises." The fact that the refrigerators were not in existence at the time the mortgage was executed does not affect the result. A valid mortgage may be imposed on after-acquired property. (*Guaranty Trust Co. of New York* v. *New York & Queens C. R. Co.*, 253 N. Y. 190; *Diana Paper Co.* v. *Wheeler-Green Electric Co.*, 228 App. Div. 577.) The moment the refrigerators were attached to the property title vested in the corporate defendant, and the mortgage became a lien thereon superior to plaintiff's chattel mortgage. If plaintiff were a conditional vendor whose contract had been duly filed, his claim might be superior to that of the first mortgagee, since the latter's title would be no greater than the owner's. Here, however, plaintiff seeks to enforce his claim by virtue of a chattel mortgage executed after the refrigerators were paid for and the lien of the first mortgagee had attached and filed after the commencement of foreclosure suit against the corporate defendant.

·Judgment is accordingly directed for the defendant Smith. Ten days' stay. Thirty days to make a case.