HEATING AND PLUMBING FINANCE CORPORATION, Plaintiff, *v.* EMIL KUHN and Another, Defendants.

City Court of New York. Bronx County, April 24, 1933.

*J. Hibberd Taylor*, for the plaintiff.

*Greiner, Peacock & Buck*, for the defendant Emil Kuhn.

ADLERMAN, J. Motion by defendant Emil Kuhn for judgment on the pleadings in his favor dismissing the complaint and granting him the relief demanded in his counterclaim pursuant to rule 112 of the Rules of Civil Practice. Plaintiff sues in replevin to recover a steam heating apparatus and hot water plant, including all piping and radiators, installed in the building No. 584 East One Hundred and Forty-first street. The defendant sets up a separate and distinct defense and, by way of a counterclaim, that the said defendant became the owner of a mortgage upon the premises 584 East One Hundred and Forty-first street, which mortgage contained the following provision whereby the said owner of the fee mortgaged the real property owned by it " together with all fixtures and articles of personal property now or hereafter attached to, or used in connection with the properties, all of which are covered by

this mortgage." Such mortgage was recorded in the office of the register of Bronx county on the 17th day of September, 1925. The fixtures mentioned in the complaint for which this action is brought were installed on July 15, 1930, and a conditional bill of sale covering the same was filed August 8, 1930, in the register's office. An action was brought to foreclose the mortgage on said real property and the plaintiff and the conditional vendor were made parties. Judgment of foreclosure and sale was entered and a deficiency in excess of $10,000 was realized upon the sale of the premises. Plaintiff appeared in the said action and did not interpose any answer or defense to the same, but waived service of all papers in said action, except notice of sale and surplus money proceedings. Defendant contends that such foreclosure judgment is conclusive upon the plaintiff with respect to all matters of defense which were or might have been litigated in the action; and that the plaintiff's right to the fixtures was cut off by said foreclosure. I must hold that the title to the fixtures was not litigated in the foreclosure action. It has been held that a real estate mortgage containing provisions that said mortgage covered fixtures attached or to be attached to a building does not include fixtures that were not in existence at the time of the execution of the mortgage and which were later acquired by the owner of the building and attached thereto under a conditional sales contract. (*Perfect Lighting Fixtures Co.* v. *Grubar Realty Corp.*, 228 App. Div. 141.) In the above case Mr. Justice MERRELL said: " It seems absurd to claim that a mortgagor of real property could give a mortgage of personal property not in existence and to which he had no title. Undoubtedly he could mortgage all to which he at the time had title or which he might subsequently buy and pay for, but we do not think it was within his power to mortgage property not in existence or which he might at some future date acquire under a conditional sales contract." The complaint is bad, however, because it fails to allege that prior to commencement of the action demand was made for possession of the fixtures and which demand was refused. (*Goodwin* v. *Wertheimer*, 99 N. Y. 149; *Converse* v. *Sickles*, 146 id. 200; *Henrich* v. *Van Wrickler*, 80 App. Div. 250.) The complaint also fails to allege that the chattels affixed to the realty are severable, wholly or in any portion, without material injury to the freehold (Pers. Prop. Law, § 67), and a failure to state such allegation renders the complaint fatally defective. Motion to dismiss complaint granted, with leave to serve amended complaint within ten days, upon payment of ten dollars costs. Submit order.