## In re TONAWANDA BREWING CORPORATION.
### No. 22239.

District Court, W. D. New York.
Jan. 9, 1936.

Fred Dohmeier, of Buffalo, N. Y. (Harry D. Sanders, of Buffalo, N. Y., of counsel), for petitioning creditor.

McDonough & Boasberg, of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

Sale of certain real estate of the bankrupt, together with tanks, machinery, and equipment was ordered on February 16, 1935, the proceeds to be held subject to the lien of mortgage and taxes. Seventeen steel tanks in the basement of the premises were sold for the sum of $2,700, which sum was claimed by both the first and second mortgagees. The referee found that the tanks were subject to the lien of the second mortgage only and authorized and directed the trustee to pay over to the attorney for the second mortgagees said sum less a deduction for administration expenses. The first mortgagee moves for a modification of such order.

Originally about fifteen wooden tanks were installed in the basement of the brewery. At the time of the giving of the first mortgage which covered the premises and included "all machinery, tanks, vats * * * now installed and contained in the foregoing premises," only seven or eight of said tanks were standing, the remainder having been taken down to make room for the installation of certain machinery. After the giving of the first mortgage, the remaining tanks were dismantled and all of the tanks were reconditioned and rebuilt in another part of the brewery, there being a loss of some tanks as the result of the reconditioning. The steel tanks, sold under contract of conditional sale, which contract was never filed, were installed to take the place of such wooden tanks. The second mortgages were thereafter given, the description of the property covered being the same as in the first mortgage. The steel tanks were not attached to the property except as they were held by their own weight.

The first mortgagee claims the proceeds on the ground that the tanks, upon installation, became fixtures and are now a part of the realty and thus subject first to the lien of the first mortgage. The second mortgagees contend that since the first mortgage, by its terms, covered only the tanks "now installed and contained" in the brewery, that it was not the intention of the parties that it should cover after-acquired property. It is also contended that the first mortgagee still has, without including the steel tanks, all the security which he had at the time of the giving of the mortgage since the rebuilding of the tanks merely caused the discard of old, rotten, warped, and otherwise unsuitable wood and provided a smaller number of sound tanks in good condition in place of a larger number of defective tanks, thereby increasing the value of the first mortgagee's security. Further, it is claimed that since the tanks retained their char-

acter as personalty as between the vendor and vendee, they will retain that character as against a prior mortgagee, where there is no interference with the security of the mortgage, the mortgagee not having been misled and having advanced nothing on the strength of the annexation.

■ It has been held on numerous occasions that a real estate mortgage given prior to the purchase of fixtures and prior to their attachment to the property does not cover such fixtures for the reason that it is not in the power of the mortgagor to mortgage property which he might at some future date acquire under a conditional sales contract. Perfect Lighting Fixtures Co., Inc., v. Grubar Realty Corporation, 228 App.Div. 141, 239 N.Y.S. 286; Heating & Plumbing Finance Corporation v. Kuhn, 151 Misc. 510, 271 N.Y.S. 152; Chasnov v. Marlane Holding Co., Inc., 137 Misc. 332, 244 N.Y.S. 455; New York Title & M. Co. v. Mapark Holding Corporation, 236 App.Div. 219, 258 N.Y.S. 378; Hobart Holding Co., Inc. v. Fortwell Realty Corporation, 232 App.Div. 689, 247 N.Y.S. 984; Icahn v. Gussie Kestlinger, 231 App.Div. 841, 246 N.Y.S. 829. Such articles do not become a part of the realty for the reason that the mortgagor never acquired title to them and the contract of conditional sale clearly discloses that it was not the intention of the mortgagor or the vendor that the articles should become fixtures.

■ The fact that the conditional sale contract was not filed does not in any way improve the position of the prior mortgagee, since the statute (Personal Property Law N.Y.[Consol.Laws, c. 41] § 65 et seq.) requiring such contracts to be filed operates only in favor of a purchaser from or creditor of the buyer, who, without notice of the provision reserving title in the seller, purchases the goods or acquires by attachment or levy a lien upon them before the contract is filed.

■ The failure of the conditional vendor to file the contract renders it void against subsequent mortgagees in good faith, and the vendor's interest passes to such mortgagees. Diana Paper Co. v. Wheeler-Green Electric Co., 228 App.Div. 577, 240 N.Y.S. 108.

Under the above-mentioned rulings, the first mortgage now before the court does not cover the tanks in question, and the owner thereof has no claim against the proceeds from the sale of such tanks. This is not a case like Rosenthal v. 269 West Seventy-Second Street Corporation, 148 Misc. 854, 264 N.Y.S. 744, where prior to the giving of the second mortgage, the conditional vendor had been paid in full. The conditional sale contract being void as to subsequent mortgagees, the tanks became subject to the lien of the second mortgages, and the holders thereof are entitled to such proceeds.

The motion to modify the order of the referee is denied.