John E. Cone, J.
In this foreclosure action plaintiffs move (1) pursuant to rule. 109 of the Buies of Civil Practice for an order striking out defendant North Side Savings Bank’s counterclaim on the ground that it does not state sufficient facts to constitute a cause of action and to strike the affirmative defense on the ground that the defense is insufficient in law, and (2) for *106 summary judgment pursuant to rule 113 of the Rules of Civil Practice. The papers show that defendant bank opposes this motion and cross-moves for summary judgment contending that it is the assignee of a conditional sales contract relating to the heating unit installed in the premises herein sought to be foreclosed, and alleges its interests to be superior to that of the plaintiffs. Since the defense and counterclaim pleaded by this defendant fail to allege that the chatels affixed to the realty are severable, wholly or in any portion, without material injury to the freehold (Personal Property Law, § 67), the failure to state such allegation renders the defense and counterclaim fatally defective (Heating & Plumbing Finance Corp. v. Kuhn, 151 Misc. 510). Accordingly, the motion is granted to the extent of striking out the affirmative defense and counterclaim as insufficient in law, with leave to serve an amended answer within 20 days after service of a copy of this order, with notice of entry thereon. In view of this disposition, the motion and cross motion for summary judgment are rendered academic. Settle order on notice.