Jacob Markowitz, J.
Plaintiffs move for summary judgment in this action to foreclose two mortgages. The motion is opposed by two of the named defendants.
The objection raised by Dual Plumbing & Heating Supply, Inc., hereinafter referred to as “ Dual, ’ ’ that plaintiffs have failed to allege in their complaint that the building loan agreement was filed, is without merit, for plaintiffs are not required to so allege. It is sufficient that the building loan agreement was in fact duly filed in the office of the County Clerk. The claim that plaintiffs have failed to allege that modifications of the building loan agreement were filed, as required by section 22 of the Lien Law, is also without merit. It does not appear that the building loan agreement was modified. It was the mortgages themselves which were modified. The modifications of the mortgages are shown to have been filed and recorded.
Dual’s first counterclaim, which seeks foreclosure of its mechanic’s lien, is incapable of preventing summary judgment in favor of plaintiffs, who are prior mortgagees. Dual is left to assertion of its claim in surplus money proceedings. In its second counterclaim, said defendant objects to the sum allocated by the building loan agreement to plaintiffs’ cost. With respect thereto, however, the building loan agreement complied fully with the requirements of section 22 of the Lien Law. In its third counterclaim, Dual charges misapplication by the defendant owner of a sum of $20,000, which it had received from another source and which is entirely unconnected with and unrelated to plaintiffs’ cause of action to foreclose their mortgages. Dual’s answer thus raises no triable issues which would preclude the granting of summary judgment.
The contentions of defendant Jewel Metal Cabinets, Inc., hereinafter referred to as “ Jewel,” are based upon its conditional sales contract, under which it retained title to certain equipment installed in the mortgaged premises. Upon the basis of its reservation of title, said defendant cross-moves (1) for an order granting summary judgment in its favor on its counterclaim and for dismissal of the complaint as to it, and (2) for a further order declaring that it is entitled to the ownership of the kitchenette units covered by its conditional sales contract free and clear of all liens and claims on the part of plaintiffs.
The failure of Jewel to file its conditional sales agreement is not available to plaintiffs’ assignees of mortgages upon the realty which antedated the installation of the kitchenettes on the real property. Section 67 of the Personal Property Law provides that the reservation of title is void “ as against subsequent purchasers of the realty for value ” (italics supplied) *425 and without notice of the conditional vendor’s reservation of title in itself. Although the word “ purchaser ” includes a mortgagee or a pledgee (Personal Property Law, § 61), the provisions of section 67, are obviously intended only for the benefit of one who purchases the realty, or lends money to the realty owner on the security of a mortgage or pledge of the realty, after the installation of the equipment covered by the conditional sale agreement. Plaintiffs, as assignees of prior mortgagees, acquired only the latter s’ rights (Horowitz v. Welt, 224 App. Div. 37). As plaintiffs’ assignors could not have asserted a valid claim to the chattels installed after they became mortgagees of the realty as against the conditional vendor (Horowitz v. Welt, supra; Ermold Co. v. Chemical Bank & Trust Co., 14 N. Y. S. 2d 424, affd. 48 N. Y. S. 2d 317), because they were not subsequent mortgagees for value, plaintiffs are in no better position. The after-acquired property clause does not affect the situation, for the realty owner never acquired title to the equipment, that being reserved by the conditional vendor (Prisco & Soverio v. Bifulco Bros., 234 App. Div. 122, 126-127; Perfect Lighting Fixtures Co. v. Grubar Realty Corp., 228 App. Div. 141, 144-145). It follows that the judgment of foreclosure and sale should exclude the kitchenettes from the property to be sold.
Plaintiffs’ motion is granted, except as to defendant Jewel Metal Cabinets, Inc. The latter’s cross motion is also granted.