MANUFACTURERS TRUST COMPANY, as Trustee, Respondent, *v.* PECK-SCHWARTZ REALTY CORPORATION et al., Defendants, and PIEDMONT HOLDING CORPORATION, Appellant.

284

Argued January 12, 1938; decided March 8, 1938.

*Clarence G. Bachrach* and *Samuel S. Bisgyer* for appellant. The clause in dispute is subject to construction in accordance with the actual intention of the parties. (*Manchester Paper Co.* v. *Moore*, 104 N. Y. 680; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519; *Becker* v. *Frasse & Co.*, 255 N. Y. 10; *Mynard* v. *Syracuse, B. & N. Y. R. R. Co.*, 71 N. Y. 180; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 370; *Rickerson* v. *Hartford Fire Ins. Co.*,

149 N. Y. 307; *Seymour* v. *Warren,* 179 N. Y. 1; *Nicol* v. *Sands,* 131 N. Y. 19; *Robertson* v. *Ongley Electric Co.,* 146 N. Y. 20.) The evidence establishes that the parties, mortgagor and mortgagee, never intended that the personal property clause should cover the chattels to which it has been applied. (*Matter of Benevolent & Protective Order of Elks,* 69 Fed. Rep. [2d] 816; *Farmers' L. & T. Co.* v. *Winthrop,* 238 N. Y. 477; *Vanderbilt* v. *Schreyer,* 91 N. Y. 392; *Ashton* v. *Baker Mfg. Corp.,* 206 App. Div. 343; *Madfes* v. *Beverly Dev. Corp.,* 251 N. Y. 12; *Cohen* v. *1165 Fulton Ave. Corp.,* 251 N. Y. 24; *Central Chandelier Co.* v. *Irving Trust Co.,* 259 N. Y. 343.)

*Leon London* and *Kate B. Willig* for respondent· That the parties intended that the mortgage should cover the chattels is established by the evidence and has been found by the trial court. (*Guaranty Trust Co.* v. *New York & Queens County Ry. Co.,* 253 N. Y. 190; *Shelton Holding Corp.* v. *150 East Forty-eighth St. Corp.,* 264 N. Y. 339; *Amherst College* v. *Ritch,* 151 N. Y. 282; *People ex rel. Manhattan Ry. Co.* v. *Barker,* 152 N. Y. 417; *Sciolina* v. *Erie Preserving Co.,* 151 N. Y. 50; *Palmer* v. *State,* 217 N. Y. 601; *Marden* v. *Dorthy,* 160 N. Y. 39; *Matter of Westerfield,* 163 N. Y. 209; *Herold* v. *Cohrone Boat Co.,* 249 App. Div. 318; *Dunham* v. *Townshend,* 118 N. Y. 281; *Milliken* v. *Dotson,* 117 App. Div. 527; *Brainard* v. *N. Y. C. R. R. Co.,* 242 N. Y. 125.)

RIPPEY, J. The question here presented is whether movables, either unattached to the realty or severable and removable without material injury to the building, passed to the purchaser upon foreclosure of a real estate mortgage which, after describing the real property in detail, contained the following clause of coverage: " together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage." That clause is the same as the statutory form of covenant (Real Prop. Law, § 254, subd. 1; Cons.

Laws, ch. 50), except that the words " now or hereafter " and " all of which are covered by this mortgage " are not included therein.

The words contained in the statutory form do not necessarily bring within the coverage of the mortgage movables which are not so attached to the realty as to become fixtures. The quoted expressions added to the statutory form do not in and of themselves extend the coverage (Cf. *Central Chandelier Co.* v. *Irving Trust Co.*, 259 N. Y. 343). In the absence of intervening equities, the clause includes within its terms gas ranges which are attached to the buildings when the mortgage is made and recorded (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24), although under the common law the result would be different (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12). Such a clause will not include personal property not in existence at the time the mortgage is made and recorded (*Prudential Ins. Co.* v. *Sanford Real Estate Corp.*, 157 Misc. Rep. 563, 566; *Perfect Lighting Fixtures Co.* v. *Grubar Realty Corp.*, 228 App. Div. 141), unless (1) it later becomes a fixture as matter of law (*Ford* v. *Cobb*, 20 N. Y. 344), (2) it becomes a part of the realty so that it is essential to its support or cannot be removed without practically destroying that to which it is attached (*Tifft* v. *Horton*, 53 N. Y. 377), (3) there is an express agreement that the personalty, although not a fixture, shall become part and parcel of the mortgaged realty (*Shelton Holding Corp.* v. *150 E. 48th St. Corp.*, 264 N. Y. 339, 346), or (4) in the absence of such an agreement it shall clearly and unequivocably appear from all the facts and circumstances that the intent was to make them a part of the security for the loan (*Alf Holding Corp.* v. *American Stove Co.*, 253 N. Y. 450, 452. Cf. *Tifft* v. *Horton, supra; Shelton Holding Corp.* v. *150 E. 48th St. Corp., supra;* 1 Jones on the Law of Mortgages of Real Property [8th ed.], § 205), and then only, in cases (3) and (4) above, in the absence of superior enforceable rights of third parties thereto.

The movables with which we are here concerned do not fall into classes (1), (2) or (3) above mentioned. No finding of fact was made by the trial court or by the Appellate Division on the question of whether the mortgagee and the maker of the mortgage intended that the after-acquired personalty should be deemed within the coverage of the mortgage. We must, then, look to the record to see whether the facts and circumstances reasonably admit of a finding that the parties did intend such coverage. We are unable to arrive at any such conclusion.

The real property described in the mortgage consisted of a plot of land one hundred feet square located at the corner of Broadway and Lincoln boulevard, city of Long Beach. On December 19, 1927, the owner, the Peck-Schwartz Realty Corporation, made an application in writing to the Title Guarantee and Trust Company for a loan of $100,000, with the premises as security, to enable the owner to erect a four-story summer hotel thereon. The owner left with the trust company as a part of the application a lease which it had previously executed with the Frontenac Hotel Co., Inc., conditioned upon the construction and completion by the owner of the proposed building prior to the opening of the 1928 summer season. This lease provided that the owner should fit out and equip the building at its own expense and the tenant agreed to furnish the owner with a $20,000 policy of fire insurance " covering furniture, furnishings, kitchen equipment and other contents of the said building, which said policy shall be payable to the landlord, and the tenant as their interests may appear." The building loan was granted and the building loan agreement was executed and the mortgage subsequently given. No mention of the furnishings of the building is made in the application, the allowance of the application, the building loan agreement or the mortgage. The mortgage contains a clause " that the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit

of the mortgagee." There is no agreement that the mortgagor will insure furnishings and equipment for the benefit of the mortgagee nor was there ever any such insurance in effect. The building and loan agreement provided that the loan should be advanced in varying amounts from time to time as the building progressed upon inspection reports furnished to the mortgagee, dependent upon the property being unincumbered. The various inspection reports were made and delivered to the mortgagee and none of them contained any reference to furnishings and fittings or progress that was being made in connection therewith. The building was completed and all furnishings installed by June 7, 1928. At that time there was an outstanding conditional sale contract on file upon which there appears to have been due upwards of $15,000 in favor of the Simmons Company for metal furniture, embracing, it is claimed, furniture furnished by that company for the hotel in question. Notwithstanding all of this, the mortgagee made its final advance on account of the building loan contract on the mortgage on June 7, 1928. There was nothing in the written instruments or in any of the dealings between the parties to indicate that it was the intent of the parties to include the furnishings of the hotel or the movables in question within the coverage of the mortgage.

Subsequent to the making of the final payment by the trust company on the building loan agreement, a second mortgage upon the realty and a chattel mortgage upon the furnishings and movables in question were executed and delivered by the owner. Thereafter the owner went into bankruptcy, and the chattels were sold under the chattel mortgage and the defendant Piedmont Holding Corporation became and was at the time of the foreclosure of the mortgage in question the owner thereof. It does not appear at any time during the proceedings which ended in the Piedmont Company acquiring title that the trust company or its successors asserted any title to or interest in the movables. It can hardly be presumed that

the owner of the mortgage would have sat idly by while that property was being mortgaged and transferred to its prejudice if it had any interest therein.

We conclude that the personal property itemized in finding "8" and in the judgment was not included within the terms of the mortgage and that it should be released to appellant. If it has been sold and the parties cannot agree as to its value, the case should be remitted to Special Term to take evidence and fix the value and provide by suitable provision at the foot of the decree of foreclosure and sale for reimbursement of appellant for any loss that may have resulted from the sale.

The judgments should be modified in accordance with this opinion, and as so modified affirmed, with costs to the appellant in all courts.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and FINCH, JJ., concur; LEHMAN and HUBBS, JJ., taking no part.

Judgment accordingly.