NIELS G. DuPONT, Appellant, v. PORT CHESTER SAVINGS BANK, SHIRLEY DeDOMENICO and ADOLFO MALONE DeDOMENICO, Also Known as RUDOLPH DI DOMINICK, Respondents.— In an action for conversion, judgment of the County Court of Westchester county dismissing the complaint on the merits, in accordance with a direction at the close of plaintiff's case, reversed on the law and the facts and a new trial ordered, costs to abide the event. Although the plaintiff was not entitled to recover the value of the bar and such fixtures as were on the premises at the time of the execution and delivery of the mortgage, by virtue of the clause therein including personalty within its lien (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24), plaintiff made a *prima facie* case with respect to fixtures acquired after the making of the mortgage. (*Mfrs. Trust Co.* v. *Peck-Schwartz R. Corp.*, 277 N. Y. 283.) His showing was that six restaurant tables and twenty-four wooden chairs were purchased eleven years after the mortgage was made. He may not recover for the front and back bars, three wall mirrors, beer pump and cooler as these fixtures had either been on the premises prior to the making of the mortgage or had been removed by some one other than the defendants. The time of the acquirement of the other fixtures was not shown. The proof with respect to the making of demand and refusal thereof was ample, although if conversion had in fact been effected by a sale under the judgment of foreclosure, no demand at all would have been necessary. The claimed right of the tenant to hold these fixtures, even in the light of a clause in the lease subordinating such lease to the existent mortgage, should have been made the subject of a separate defense, if the defendants intended to rely thereon. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

MARY FRANCES FOLKES and HARRY FOLKES, Respondents, v. THOMAS E. MURRAY, JR., as Receiver of the INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.— Action by plaintiff-wife to recover damages for personal injuries and by her husband for loss of services and medical expenses. Plaintiff-wife was injured when she slipped on an accumulation of mud and water which covered the entire platform approaching a stairway leading to the train level, causing her to fall down the stairway in defendant's subway station. Judgment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.