PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant, v. BANKERS TRUST COMPANY, Respondent, and PROPERTY HOLDING CORPORATION, Defendant.— In an action by a judgment creditor of defendant to set aside a chattel mortgage upon the furnishings of an apartment hotel, made by defendant to the respondent, on the ground that the same was fraudulent and void, the respondent pleaded that it had a lien on the chattels by virtue of an after-acquired personal property clause contained in a real estate mortgage held by it upon the apartment hotel. The trial court made a finding of fact that the original parties to the real estate mortgage intended that the furnishings to be used in connection with the apartment hotel should be included in the coverage of that mortgage and also found that the defendant, against whom the plaintiff had a judgment, had assumed the real estate mortgage and thus bound itself to all the incidents of the mortgage debt, including the covenant to extend the lien of the mortgage to after-acquired personal property. Since the findings of the trial court are not against the weight of the credible evidence, the lien of the respondent upon the furnishings originated in the real estate mortgage and not in the chattel mortgage sought to be set aside. Judgment dismissing the complaint affirmed, with costs to respond-

ent. Hagarty, Johnston and Close, JJ., concur; Lazansky, P. J., and Taylor, J., dissent and vote to reverse the judgment and to grant a new trial, with costs to the appellant to abide the event, with the following memorandum: In our opinion the determination of the learned Special Term, in effect, that there was clear and unequivocal proof of intent by the mortgagor and mortgagee to make the after-acquired furnishings of the mortgaged premises, an apartment hotel, a part of the security for the mortgage loan is unsupported by evidence as matter of law. The finding of such intent is based solely upon the testimony of the attorney who conducted for the ultimate borrower the negotiations looking to the mortgage loan, and upon a letter written by that attorney, dated April 8, 1929, which testimony and letter, standing alone, do, indeed, contain evidence that the borrower then intended to make the furnishings, to be acquired thereafter, a part of the mortgage security. Subsequently, however, those preliminary oral and written negotiations legally went for naught. Under familiar principles they became merged in a written building loan agreement between lender and borrower, dated May 7, 1929, which agreement contemplated only the real estate of the borrower as security for the mortgage and was silent upon the subject of a lien upon after-acquired personal property. The mortgage, executed on the same day, covered the real estate, the description of which therein was followed by the now familiar clause reading: "Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with, the premises, all of which are covered by this mortgage." Our highest court has so construed this clause that it does not necessarily bring within the coverage of the mortgage subsequently acquired movables which are not so attached to the realty as to become fixtures; and has ruled, in effect, that the surrounding facts and circumstances must be examined to ascertain whether they reasonably admit of a finding that the parties did intend such coverage. (*Mfrs. Trust Co.* v. *Peck-Schwartz R. Corp.*, 277 N. Y. 283–286.) In the case at bar, in our opinion, we must institute such examination by considering the building loan agreement which in law superseded the preliminary oral and other negotiations in which Mr. Lee, the proposed borrower's attorney, acted on its behalf. If we take this, which seems to us to be the proper course, the record discloses no legal evidence to sustain the finding of the learned justice upon which the complaint was dismissed. Further, defendant Property Holding Corporation, which succeeded to the title of the fee of the mortgaged premises, subject to the mortgage, did not assume the covenant thereof dealing with future-acquired personal property, especially since it did not know the acts and circumstances which it is claimed show that as between the mortgagee and mortgagor such covenant was intended to cover future-acquired personal property. As the learned Special Term disposed of the case solely on the ground that there was clear and unequivocal proof of an intent to make the after-acquired personal property a part of the security for the mortgage loan, and did not pass upon the remaining issues as presented by the pleadings, in our opinion there should be a new trial.