GENERAL SYNOD OF THE REFORMED CHURCH IN AMERICA, Respondent, v. BONAC REALTY CORPORATION, Appellant, et al., Defendants.

Argued October 7, 1947; decided November 20, 1947.

*Sidney J. Loeb, Leon Harris* and *Samuel Greenberg* **for** appellant. I. Respondent waived strict performance of the terms of the mortgage as to payment of principal and interest due, and it should not have ignored that waiver before notice retracting it. (*Spenser* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505; *Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345; *Rathbone* v. *Forsyth*, 171 App. Div. 26; *Heller & Brother* v. *Continental Mills*, 196 App. Div. 7; *Rosenthal* v. *Brown*, 247 N. Y. 479; *Dry Dock Sav. Inst.* v. *103 E. 75th St. Apartments, Inc.*, 296 N. Y. 280; *Perkins* v. *Guaranty Trust Co.*, 274 N. Y. 250.) II. An

agreement " not to foreclose for interest and other payments due " waives a default in the principal then due and the right to statutory amortization. (*Schreiber* v. *American Employers' Ins. Co.*, 290 N. Y. 673.) III. The judgment of foreclosure and sale including the after-acquired personalty was error, in the absence of proof that such personalty was a fixture or that the intent was to make it a part of the security for the loan. (*Doheny* v. *Lacy*, 168 N. Y. 213; *Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.*, 277 N. Y. 283; *Roche* v. *Thurber*, 246 App. Div. 850, 272 N. Y. 582; *Faber* v. *City of New York*, 213 N. Y. 411.) IV. There was no evidence or finding that the after-acquired mechanical refrigerators, gas ranges, or portable showers now on the premises were fixtures or that the intent was to make them a part of the security for the loan. (*Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.*, 277 N. Y. 283.)

*George L. Allin, Arad Riggs* and *Joseph R. Shaughnessy* for respondent. I. There is no merit in the defense that the foreclosure action was premature. (*Ferris* v. *Spooner*, 102 N. Y. 10; *Locklin* v. *Moore*, 57 N. Y. 361; *Hothorn* v. *Louis*, 52 App. Div. 218, 170 N. Y. 576; *Ferlazzo* v. *Riley*, 278 N. Y. 289; *Stackhouse* v. *Barnston*, 10 Ves. Jr. 453.) II. Appellant failed to establish its defense that the mortgage was extended by agreement in 1939. (*Sidrane* v. *F. D. R. Realty Corp.*, 296 N. Y. 357.) III. The partial defense that the consolidated mortgage did not cover the refrigerators, gas ranges, other personal property and fixtures was properly overruled by the trial court. (*Kinman* v. *Nyrealty Corp.*, 167 Misc. 534; *President & Directors of Manhattan Co.* v. *Bankers Trust Co.*, 29 N. Y. S. 2d 211, 264 App. Div. 787, 290 N. Y. 550; *Adler* v. *Atlas Brick Corp.*, 283 N. Y. 64; *Roche* v. *Thurber*, 246 App. Div. 850; *President & Directors of Manhattan Co.* v. *Ellda Corp.*, 245 App. Div. 625; *President & Directors of Manhattan Co.* v. *Newberry*, 265 N. Y. 588; *Prudential Ins. Co.* v. *Sanford Real Estate Corp.*, 157 Misc. 563, 246 App. Div. 567; *Shelton Holding Corp.* v. *150 East 48th St. Corp.*, 264 N. Y. 339; *Guaranty Trust Co.* v. *New York & Queens Co. Ry. Co.*, 253 N. Y. 190; *Grant* v. *Atlantic Assets, Inc.*, 163 Misc. 728.) IV. The rule that refrigerators and gas ranges in apartment houses are personal prop-

erty should be limited to cases of conditional sales and should not be applied against a mortgagee in favor of the owner of refrigerators and gas ranges who also owns the land subject to a real estate mortgage. (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12.)

DESMOND, J. This action was brought to foreclose plaintiff's mortgage on a New York City apartment house owned by defendant-appellant Bonac Realty Corporation. Various alleged defenses were pleaded by the owner but they were all rejected by the Special Term Justice, after a trial. The foreclosure judgment was unanimously affirmed by the Appellate Division, and we granted leave to appeal to this court.

Defendant's contentions that the action was prematurely brought, or that there had been a waiver by plaintiff of its right to foreclose, or an extension of the time of payment of the arrears of interest, were all properly rejected by the trial court, and nothing more need be said about them here.

However, another assertion by defendant owner, set up as a partial defense in its answer, needs some further discussion. In that partial defense the owner avowed that the mechanical refrigerators, cooking ranges and portable showers in the several apartments of the house, were not subject to the mortgage and that their inclusion in the property directed by the judgment to be sold, was error. That protest is based largely on some language in this court's opinion in *Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.* (277 N. Y. 283, 286) to which we will refer at a later place in this opinion.

Defendant, purchasing the apartment house in 1935, took it subject to the mortgage now being foreclosed. That instrument contained this clause: " Together with all fixtures and articles of personal property now or hereafter attached to, or used in connection with, the premises, all of which are covered by this mortgage." There were refrigerators and ranges in the building when defendant bought it, but these became worn out or obsolete, and defendant put in new, modern ones. Defendant bought and installed portable showers, also. Any of those articles could be removed from the building, without injury to the structure, by pulling electric plugs or disconnecting pipe unions. Adhering to the rule of *Madfes* v. *Beverly Devel-*

*opment Corp.* (251 N. Y. 12) we agree with appellant that none of them were " fixtures ", as the law understands that word. They were, however, articles of personalty " attached to " and " used in connection with " the premises. Indeed, it is notorious that apartments of this kind in New York City are not acceptable to tenants unless the landlord supplies such conveniences. So, the language of the covering clause of the mortgage would seem clearly to include these refrigerators, ranges and showers. (See *Cohen* v. *1151 Fulton Ave. Corp.*, 251 N. Y. 24.) Appellant points out, however, that there is, outside the words of the mortgage, no proof (and no specific finding by the court) as to the actual intent of the mortgagor and mortgagee as to such furnishings thereafter to be installed, and no showing of any particular circumstances indicating an intent, one way or the other. The argument that, absent such proof and such a finding, there is no coverage of such articles, even when there is an " after-acquired property " clause in the mortgage, is based, as we have said, on statements in the opinion in *Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.* (*supra*). That opinion says, dealing with a covenant identical with the one in this mortgage, that there is no lien on movables such as are here involved, unless one of four requirements is satisfied. Those four requirements are (we paraphrase): that the articles are fixtures, or that they have by attachment become physical parts of the realty, or that there is an express agreement that they shall become such parts, or, finally, that " it shall clearly and unequivocally appear from all the facts and circumstances that the intent was to make them a part of the security for the loan ". The first three of those stated essentials are, of course, not in the present case. If the statement in the opinion as to the fourth requirement is read to mean that there must be affirmative clear and unequivocal proof, apart from the mortgage itself, that the parties in fact intended to have the mortgage cover these appliances, then plaintiff failed to prove its case, for there is no such separate showing of intent in this record. But we do not read *Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.* (*supra*) as insisting on such additional evidence, in every case. In that case, as Judge RIPPEY's opinion care-

fully pointed out, there was much to suggest that the parties to the mortgage never in fact considered the furnishings covered; and there was no finding, one way or the other, as to their intent. In the present case the Trial Justice had before him only the mortgage covenant, which in clear and nontechnical language put the movables, presently in the house or thereafter to be acquired, under the lien. Appellant bought the building subject to that same mortgage, and, charged with knowledge of the after-acquired personalty clause, bought and installed new appliances. With such proof, and nothing else, before him, the Trial Justice here properly found that the refrigerators, ranges, and showers " are covered by the consolidated mortgage." We read that as an affirmative and sufficient finding of intent.

We point out that there is in this case no conflict between rival claims of different parties asserting liens on the same articles. Such a situation may produce its own problems, not herein considered.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed. [See 297 N. Y. 781.]