NEW YORK AND SUBURBAN FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff, *v.* CRESCENT CONSTRUCTION CORP., et al., Defendants.

Supreme Court, Special Term, Queens County, September 14, 1949.

*James O. Berlinger* for plaintiff.

*Abraham D. Strauss* for Monitor Wood Products Corp., defendant.

HALLINAN, J. In this action to foreclose eight mortgages on eight parcels of land, plaintiff mortgagee moves for summary judgment, striking out the answer of defendant Monitor Wood Products Corp., a conditional sales vendor.

The mortgages were executed pursuant to a building loan agreement in May, 1948. Plaintiff has advanced a total of $78,318 in various installments between May, 1948, and June, 1949. Each of the mortgages contains a provision that the lien of the mortgage would attach to " all fixtures and articles of personal property, now or hereafter attached to, or used in connection with, the premises, all of which are covered by this mortgage."

Monitor Wood Products Corp., pursuant to a conditional sales contract, dated September 9, 1948, installed certain kitchen cabinets in the premises between November 22, 1948, and December 13, 1948. The conditional sales contract was not recorded, however, until March 9, 1949. Plaintiff claims that it made the advances under the mortgage in reliance upon these fixtures and that the lien of its mortgage is superior to the conditional sales contract. While it does not appear how much plaintiff advanced in each installment, it does appear that advances were made in three distinct periods of time — prior to the installation of the cabinets in November, 1948; between the installation of the cabinets and the filing of the conditional sales contract in March, 1949; and after the recording of the conditional sales contract.

Section 65 of the Personal Property Law provides that the reservation of property in conditional sales contracts is void as

against a purchaser from the buyer, without notice of such reservation, who purchases the goods before the contract is filed. A purchaser includes a mortgagee. (Personal Property Law, § 61.) Section 67 of the Personal Property Law provides, among other things, that the reservation of property in goods affixed to realty is void as against a subsequent purchaser of the realty for value, without notice, unless the conditional sale contract is filed before such purchase. This latter section has been held applicable only to fixtures of such a nature that they may remain personal property or become real property according to the agreement between the owner of the chattels and the owner of the real estate. It is not applicable to fixtures which, by their nature, remain personal property after annexation to the real estate independently of any agreement between the owner of the chattels and the owner of the realty. (*Madfes* v. *Beverly Development Corp.* 251 N. Y. 12, 15.) The kitchen cabinets described in the papers submitted herein are of such a nature that they would remain personal property. (*Prisco & Soverio Inc.* v. *Bifulco Bros.*, 234 App. Div. 122.) Personal property may, however, be included in a mortgage of real estate. (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24.)

If a conditional vendor fails to file his contract as required by the Personal Property Law, the holder of a *subsequent* mortgage may acquire rights superior to those of the conditional vendor. (*Cohen* v. *1165 Fulton Ave. Corp., supra*; *Central Chandelier Co.* v. *Irving Trust Co.*, 259 N. Y. 343.) As between the owner of the realty and the mortgagee, even a *prior* mortgage, if it contains an '' after-acquired property '' clause, will be effective to cover chattels *owned* by the owner of the realty and thereafter attached to or used in connection with the premises. (*General Synod of Reformed Church* v. *Bonac Realty Corp.*, 297 N. Y. 119.) The rule is different, however, where the chattels are not owned by the owner of the realty. In such case it has been held that the mortgagor cannot by affixing chattels of a third person give title thereto to a *prior* mortgagee. (*Perfect Lighting Fixtures Co.* v. *Grubar Realty Corp.*, 228 App. Div. 141; *Prisco & Soverio Inc.* v. *Bifulco Bros.*, 234 App. Div. 122, *supra*; cf. *General Synod of Reformed Church* v. *Bonac Realty Corp.*, 297 N. Y. 119, 124, *supra*, and *Manufacturers Trust Co.* v. *Peck-Schwartz Realty Corp.*, 277 N. Y. 283, 286.)

With respect to advances made by plaintiff prior to the affixation of the kitchen cabinets, plaintiff was a prior mortgagee, and the lien of its mortgage would attach to the personal property only if owned by the mortgagor, which is not the case here. As

to advances made after the attachment of the kitchen cabinets but before the recording of the conditional sales contract, plaintiff was a subsequent mortgagee and the lien of its mortgage is superior to the conditional sales contract with respect to those sums. (*Kommel* v. *Herb-Gner Constr. Co.*, 256 N. Y. 333.) Advances made by the plaintiff after the filing of the conditional sales contract were made with knowledge, actual or constructive, of the conditional vendor's reservation of property in the chattels and as to those sums the vendor's lien is superior to that of the mortgage. It is apparent that there are questions of fact involved with respect to the amounts advanced at various times, and these questions will necessitate a trial. Accordingly the motion for summary judgment must be denied. Submit order.