Leo Fassberg, J.
The question before this court is whether certain items are embraced within a clause of a real property mortgage so as to entitle, to the purchaser at the foreclosure sale of the premises in question, such items.
The defendants mortgaged their home and lot which mortgage contained the following clause: “ Together with all fixtures and articles of personal property now or hereafter attached to or contained in and used in connection with said premises; including but not limited to, all apparatus, machinery, fittings, gas ranges, ice boxes, mechanical refrigerators, awnings, shades, screens, storm sashes, plants and shrubbery”. The mortgagee foreclosed the subject first mortgage, and at the foreclosure sale, plaintiffs, assignees of certain second mortgages on the property of the defendants, purchased the premises. At some time prior to the delivery of the Referee’s deed to the purchasers, the defendants allegedly disposed of the following items: A gas range and stove, a washer and dryer, a refrigerator and two storm doors, and in so doing damaged the premises. This action is brought for breach of contract to recover the damages allegedly incurred by the plaintiffs as a result of such removal and disposition.
The defendants argue that the items are personal property and that there was never any intent that they should come under a lien of the real property mortgage.
The plaintiffs contend that the items are fixtures which clearly came within the lien of the mortgage, being attached to the premises; and that they are embraced within such lien even if considered to be personalty because of the specific wording of the clause. It does not appear whether the items in question were on the premises before or after the execution of the mortgage.
This case does not consider the troublesome question of the rights of third parties (such as conditional vendors and chattel mortgagees) to chattels used in connection with or affixed to real property “ there is in this case no conflict between rival claims of different parties asserting liens on the same articles ” (General Synod, of Reformed Church v. Bonac *285 Realty Corp., 297 N. Y. 119, 124). The rights of such third parties usually depend upon the nature of the chattel and the manner in which it is affixed, if at all. These cases are governed by sections 9-313 and 9-401 of the Uniform Commercial Code, formerly section 67 of the Personal Property Law. The case at bar involves not so much the manner in which the chattels may be affixed, but rather the intent of the parties. This intent, although perhaps manifested in some instances by the mode of annexation, can be determined in other ways. The point of law that is clearly laid down by the Court of Appeals is that where the chattels are not fixtures, are not attached to the realty so as to be essential to its support and unremovable without practically destroying the realty, and where there is no express agreement that the nonfixture chattel shall become part and parcel of the realty, there must be an unequivocal intent appearing from all the facts and circumstances that they be a part of the security for the mortgage loan. (Manufacturers Trust Co. v. Peck-Schwarts Realty Corp., 277 N. Y. 283, 286.)
General Synod (supra) follows these four criteria and its holding, as in Manufacturers Trust (supra) and the case at bar, depends upon a'finding of intent, the last of the four. The findings in the two cited cases are opposite, but not inconsistent or contradictory. Manufacturers Trust held that furniture, fixtures and equipment used in the operation of the mortgaged premises, a hotel, did not come within the lien of the mortgage. However, the court specifically held that there was no finding of the intent required by the fourth criteria. “ We must, then, look to the record to see whether the facts and circumstances reasonably admit of a finding that the parties did intend such coverage. We are unable to arrive at any such conclusion.” (Supra, p. 287.) That case discusses the fact that the negotiations leading to a building loan agreement and mortgage failed to mention the furniture, fixtures and equipment. It is interesting to note that something transpiring after the execution of the mortgage was considered by the court on the question of the intent of the parties as to the scope of the lien. A chattel mortgage covering the subject items was executed by the owner of the premises subsequent to the final payment on the building loan agreement. The items were “ sold under the chattel mortgage ” to a third party (presumably the chattel mortgagee, its assignee, or purchaser at a foreclosure sale of the chattel mortgage), and the mortgagee of the subject realty mortgage never asserted an interest to those items. This case *286 appears to state that a positive intention to come within the realty mortgage lien must be proved by the party seeking to include the items under that lien, unless the situation falls within the first three criteria.
This positive intention, however, can be proved without going beyond the mortgage itself (General Synod, supra, p. 123). It appears, therefore, that the party asserting title can make out a prima facie case as to the question of title by merely offering a mortgage with the personal property clause in evidence. It then thrusts upon the adversary asserting title the burden to come forth with evidence showing a contrary intent. It does, appear, however, from Manufacturers Trust (supra) that, if such evidence should come forth, the trier of the facts must find an unequivocal intent to come within the lien.
In General Synod (supra), where mechanical refrigerators, cooking ranges and portable showers in the premises, an apartment house, were held to come within the mortgage lien, the Trial Judge had only the mortgage covenant before him. The mortgagee was awarded those items as against the owner of the premises who purchased same subject to the mortgage. The clauses in the two cited cases are identical: “ Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises, all of which are covered by this mortgage.”
The only evidence before this court is the mortgage in question. The personal property clause in the ease at bar, cited above, includes the words “ contained in” and further lists examples of such items which would come within the lien, although not limited to the list. The stove can be easily identifiable with “ gas ranges ”, as the storm doors with “ storm sashes ”. The washer and dryer, although not listed, are at least as, if not more, permanently within the premises than the other items and do not take a departure from that list. The refrigerator is specifically mentioned. The instrument itself manifests the necessary intent.
The intent of the parties refers to the parties to the mortgage. The mortgage is an agreement binding upon its parties and those taking subject to it. If the owner of the equity of redemption became such as the result of purchasing the premises from the mortgagor, and if he is subject to the obligation set forth in the mortgage, as in General Synod (supra), then certainly the mortgagor, the original party, is bound.
For the reasons stated this court finds that the items the subject of this action came within the lien of the mortgage and plaintiffs may prove their damages as a result of their alleged *287 removal and disposition. For that purpose this case is set down for trial, in order to fix the value of the items, when removed, and any damage to the realty caused by such removal.
The attorneys should arrange a trial date.